**Application of Randolph PHILLIPS.**

**Docket 74-2309.**

United States Court of Appeals,
Second Circuit.

Jan. 10, 1975.

Before FEINBERG, MULLIGAN and GURFEIN, Circuit Judges.

PER CURIAM:

Phillips, a litigant pro se in a matter that was decided by this court in 1968, has now brought what purports to be a motion requesting this court to require a lawyer, who was his adversary in the prior appeal, "to show cause why he should not be suspended or disbarred as a member of the bar of this Court." The charge is that the putative respondent stated ex parte to a then active judge of this court that his client preferred that the judge not sit upon the panel in the prior appeal. The judge, after consultation with his colleagues, did not recuse himself. There is no allegation that the lawyer attempted to discuss the merits of the case with the judge.

We note first that a private person or a lawyer has no standing to participate in a disciplinary proceeding. Mattice v. Meyer, 353 F.2d 316 (8 Cir. 1965) cert. denied, 383 U.S. 939, 86 S.Ct. 1073, 15 L.Ed.2d 856 (1966); Ginsburg v. Stern, 125 F.Supp. 596, 603 (W.D.Pa. 1954), aff'd, 225 F.2d 245 (3 Cir. 1955) (en banc). Even if we treat Phillips in the status of a complainant, we test whether the allegation is sufficient to require any further action by this court on his "request that, pursuant to . . . Rule 46(b) of the Federal Rules of Appellate Procedure" the putative respondent "be suspended or disbarred." We find that the ex parte communication of a suggested recusal which is alleged here is not of sufficient substance to merit suspension or disbarment of the lawyer. Cf. Cooke v. United States, 267 U.S. 517, 533, 45 S.Ct. 390, 69 L.Ed. 767 (1925). Therefore, we conclude that a hearing would be unproductive of the result the complainant seeks.

We note that under rule 46(c) of the Rules of Appellate Procedure, a sanction less severe than suspension or disbarment may be imposed, and such a sanction might be appropriate in other circumstances. Mr. Phillips, however,

specifically seeks the suspension or disbarment of his former opponent. Under all the circumstances, the information tendered to the court is insufficient to justify the sanctions sought, especially in view of the lapse of more than six years since the action of the lawyer which is the subject of the complaint. With similar considerations in mind, we decline to treat the information, as we might in our own motion, as the basis for proceeding further under Rule 46(c).

We do not suggest that ex parte communications to a judge should be encouraged. We hold merely that no further action is justified in this case.

This opinion has been circulated to and approved by all the active members of this court, with the exception of two members who disqualified themselves.