08-4879-cv
Esposito v. The State of New York

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of December, two thousand nine.

PRESENT:
> AMALYA L. KEARSE,
> ROBERT A. KATZMANN,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges.*

_____

Luisa C. Esposito,

> *Plaintiff-Appellant,*

> v.                                                      08-4879-cv

The State of New York, the Office of Court Administration of the Unified Court System, Thomas J. Cahill, in his official and individual capacity, Naomi Goldstein, in her official and individual capacity, Albert S. Blinder, in his official and individual capacity, Harvey Gladstein & Partners LLC, formerly known as Gladstein & Isaac, Allan H. Isaac, individually and as a partner of Harvey Gladstein & Partners LLC, formerly known as Gladstein & Isaac, the City of New York, Raymond Kelly, in his

official and individual capacity, Robert
Arbuiso, in his official and individual
capacity, Adam I. Lamboy, in his official
and individual capacity, Arthur Pollack,
individually and as a partner of Pollack,
Pollack, Isaac & DeCicco, LLP, Conrad
Pollack, individually and as a partner of
Pollack, Pollack, Isaac & DeCicco, LLP,
Brian J. Isaac, individually and as a
partner of Pollack, Pollack, Isaac &
Decicco, LLP, Pollack, Pollack, Isaac &
DeCicco, LLP, and Jane and John Does,

   *Defendants-Appellees.*[*]

_____

FOR APPELLANT:  Luisa C. Esposito, *pro se*, West Hempstead,
         NY.

FOR APPELLEES:  Douglas Langholz (Anthony Daniel Grande, on
         the brief), Morgan Melhuish Abrutyn, New
         York, NY (for appellees Arthur Pollack,
         Conrad Pollack, Brian J. Isaac, and Pollack,
         Pollack, Isaac & DeCicco, LLP).

         Patrick J. Walsh, Assistant Solicitor General
         (Barbara D. Underwood, Solicitor General,
         Michael S. Belohlavek, Senior Counsel, on the
         brief) *for* Andrew M. Cuomo, Attorney General
         of the State of New York, New York, NY (for
         appellees State of New York, Office of Court
         Administration of the Unified Court System,
         Thomas J. Cahill, Naomi Goldstein, and Albert
         S. Blinder).

         Diane Krebs (Thomas B. Coppola, on the
         brief), Gordon & Rees LLP, New York, NY (for
         appellee Allen H. Isaac).

         Elizabeth I. Freedman, Assistant Corporation
         Counsel (Michael A. Cardozo, Corporation
         Counsel, on the brief) New York, NY (for
         appellees City of New York, Raymond Kelly,
         Robert Arbuiso, and Adam Lamboy).

         Traycee Ellen Klein (Eric B. Topel, on the
         brief), Epstein Becker & Green, P.C., New

_____

[*] The Clerk of the Court is directed to amend the official caption as set forth above.

York, NY (for appellee Harvey Gladstein & Partners LLC).

Appeal from the United States District Court for the Southern District of New York (Scheindlin, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment and order of the district court are **AFFIRMED.**

Appellant Luisa C. Esposito, *pro se*, appeals from the judgment of the United States District Court for the Southern District of New York (Scheindlin, *J.*), dismissing her claims under 42 U.S.C. § 1983 and state law, and from the district court's order denying her motion for reconsideration pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6) [of the Federal Rules of Civil Procedure], construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). We review a district court order denying a Rule 60(b) motion for abuse of discretion. *See Transaero, Inc. v. La Fuerza Aerea Boliviana*, 162 F.3d 724, 729 (2d Cir. 1998).

3

To succeed on a § 1983 claim, a plaintiff must show that the defendants, acting under the color of state law, deprived her of a constitutional right. *Rodriguez v. Phillips*, 66 F.3d 470, 473 (2d Cir. 1995). In the instant case, we find that Appellant failed to show any deprivation of a constitutional right. First, with regard to her attempts to secure Isaac's arrest and criminal prosecution, "a citizen lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also United States v. Grundhoefer*, 916 F.2d 788, 792 (2d Cir. 1990). Private citizens have no legally cognizable interest in attorney disciplinary proceedings. *See Application of Phillips*, 510 F.2d 126, 126 (2d Cir. 1975) (per curiam). Likewise, Appellant's First Amendment claim based on access to the same proceedings fails because she had no cognizable right to participate in them.

Further, a governmental failure to protect an individual from private violence does not implicate a victim's due process rights unless the state actor created or enhanced the danger to the victim, which Appellant did not allege. *See Okin v. Vill. of Cornwall-on-Hudson Police Dep't*, 577 F.3d 415, 427-28 (2d Cir. 2009) (citing *DeShaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189, 197 (1989); *Dwares v. City of New York*, 985 F.2d 94, 99 (2d Cir. 1993)(overruled on other grounds by *Leatherman v. Tarrant Co. Narcotics Intelligence & Coordination Unit*, 507 U.S.

4

163, 164 (1993)).  Nor did Appellant allege any facts to suggest that she was intentionally discriminated against based on her gender or that she suffered any treatment disparate from similarly situated individuals that would support a "class-of-one" equal protection theory.  *See Clubside, Inc. v. Valentin*, 468 F.3d 144, 159 (2d Cir. 2006).  Accordingly, Appellant's complaint failed to state a claim and was properly dismissed.  Moreover, it would have been futile to give Appellant leave to amend her complaint because she had already amended it twice.  *See Hayden v. County of Nassau*, 180 F.3d 42, 53-54 (2d Cir. 1999).  Finally, we find that the district court did not abuse its discretion in denying Appellant's Rule 60(b) motion because she demonstrated no "exceptional circumstances" that would justify setting aside the dismissal of her complaint.  *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008).

We have carefully considered Appellant's remaining claims and find them to be without merit.

For the foregoing reasons, the judgment and order of the district court are **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By:_____