08-4732-cv
Peterec-Tolino v. The State of New York

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of February, two thousand ten.

PRESENT:
> GERARD E. LYNCH,
> > *Circuit Judges*,
> TIMOTHY C. STANCEU,[*]
> > *Judge, U.S. Court of International Trade.*[**]

_____

John L. Peterec-Tolino,

> *Plaintiff-Appellant*,

> v.                                                          08-4732-cv

The State of New York, et al.,

> *Defendants-Appellees*.

_____

---

[*]The Honorable Timothy C. Stanceu, of the United States Court of International Trade, sitting by designation.

[**]Judge Robert A. Katzmann, originally a member of this panel, recused himself from this case. The remaining two members of the panel, who are in agreement, decide this case in accordance with Second Circuit Internal Operating Procedure ("IOP") E.

**FOR APPELLANT:**     John L. Peterec-Tolino, *pro se*, Rock Hill, New York.

**FOR APPELLEES:**     No appearance.

Appeal from orders of the United States District Court for the Southern District of New York (Scheindlin, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the orders of the district court are **AFFIRMED**.

Appellant John L. Peterec-Tolino, *pro se*, appeals an order of the district court *sua sponte* dismissing his complaint brought pursuant to 42 U.S.C. § 1983 and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), and an order denying his motion for reconsideration. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

This Court reviews a district court's dismissal of a complaint pursuant to Fed. R. Civ. P. 12(b)(6) de novo, "construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002).

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), a complaint may be dismissed "at any time" if the court determines that the action fails to state a claim on which relief may be granted.  While we understand why Appellant might feel aggrieved at the district court's dismissal of his complaint *sua sponte* without awaiting the defendants' response, such an action is permissible if the complaint fails to state a claim for relief.  *See McEachin v. McGuinnis*, 357 F.3d 197, 201 (2d Cir. 2004).

A complaint must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.  In the case of a *pro se* complaint, a court must construe the complaint liberally, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and should not dismiss it without granting the plaintiff leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."  *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999).  When a

complaint is dismissed prior to the service of process and the defendants' answers, the issue is whether the plaintiff is entitled to offer evidence to support his claims. *See McEachin*, 357 F.3d at 201.

To establish a claim pursuant to 42 U.S.C. § 1983, a plaintiff must show that the defendants, acting under the color of state law, deprived him of a constitutional or federal statutory right. *See Rodriguez v. Phillips*, 66 F.3d 470, 473 (2d Cir. 1995). Here, Appellant has abandoned his claims against the State of New York, conceding at oral argument that such claims are barred by the Eleventh Amendment. Appellant's § 1983 claims against the Office of Court Administration of the Unified Court System were properly dismissed because these claims against an arm of the State of New York are equally proscribed by the Eleventh Amendment. *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Appellant's § 1983 claims against Jeffrey S. Eisenberg and against Eisenberg and Associates were properly dismissed because these defendants are private actors who cannot be sued under § 1983. *See American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999) (§ 1983 actions do not reach purely private conduct).

4

Appellant's § 1983 claims against the employees of the Departmental Disciplinary Committee of the Unified Court System ("DDC") were properly dismissed because Appellant has no legally cognizable interest in attorney disciplinary proceedings. *See Application of Phillips*, 510 F.2d 126, 126 (2d Cir. 1975) (per curiam). In other words, even if Appellant's allegations of misconduct on the part of DDC employees were not largely speculative, any failure on the part of public officials entrusted with the task of attorney discipline to pursue valid cases does not violate any constitutional rights of complainants. *Id*. Moreover, Appellant failed to show his entitlement to prospective injunctive relief, pursuant to *Ex Parte Young*, 209 U.S. 123, 155-56 (1908), because his complaint did not allege any ongoing violation of federal law. *See State Employee Bargaining Agent Coalition v. Rowland*, 494 F.3d 71, 95 (2d Cir. 2007).

The district court also properly dismissed Appellant's civil RICO claims because Appellant's complaint did not plead sufficient facts to sustain a claim that the defendants were engaged in an "enterprise" pursuant to RICO, i.e., that they were associated with one another for a

common purpose. *See First Capital Asset Management, Inc. V. Satinwood, Inc.*, 385 F.3d 159, 173 (2d Cir. 2004).

Because all the federal claims were properly dismissed, the district court did not abuse its discretion in declining to exercise supplemental jurisdiction over Appellant's state law claims against Eisenberg and his law firm. *See Travelers Ins. Co. v.* Keeling, 996 F.3d 1485, 1490 (2d Cir. 1993). Because Peterec-Tolino did not identify any facts or law that the district court overlooked in its dismissal of his complaint, the district court did not abuse its discretion in denying Appellant's motion for reconsideration. *See Transaero, Inc. v. La Fuerza Aerea Boliviana*, 162 F.3d 724, 729 (2d Cir. 1998).

Finally, while leave to amend a complaint ordinarily should be freely given, *Ellis v. Chao*, 336 F.3d 114, 127 (2d Cir. 2003), particularly when dismissing a *pro se* complaint *sua sponte*, we conclude that the district court did not abuse its discretion in dismissing the case *sua sponte* without leave to amend. Any amendment would be futile because Peterec-Tolino simply cannot sue the defendants in federal court for the federal claims discussed above, and has not alleged or suggested that he could allege any other

6

facts that would establish that he suffered a wrong that could be remedied in federal district court. *See id.*

We have reviewed Appellant's remaining arguments and find them to be without merit.

For the foregoing reasons, the orders of the district court are hereby **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk