08-4576-cv
Carvel v. New York State

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 12ᵗʰ day of March, two thousand and ten.

PRESENT:

> JOSÉ A. CABRANES,
> BARRINGTON D. PARKER,
>     *Circuit Judges*,
> STEFAN R. UNDERHILL,
>     *District Judge*.[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

PAMELA CARVEL,

      *Plaintiff-Appellant*,

    v.                                                                                                  No. 08-4576-cv

NEW YORK STATE, Office of Court Administration of the Unified Court System, THOMAS J. CAHILL, in his official and individual capacity, SHERRY COHEN, in her official and individual capacity, EVE MARKEWICH, individually and as a partner of Blank Rome LLP, FRANK STRENG, individually and as a partner of McCarthy Fingar LLP, JONE DOE, JANE DOE,

---

[*] The Honorable Stefan R. Underhill, of the United States District Court for the District of Connecticut, sitting by designation.

1

DOE CO. 1-20, GARY L. CASELLA, DEBORAH MCCARTHY,
WILLIAM GRIFFIN, individually and as co-owner
of Hudson Valley Bank, LAURA WERNER, individually and
in her official capacity, ANTHONY SCARPINO, individually and
in his official capacity and CHARLES SCOTT, individually and in
his official capacity,

*Defendants-Appellees.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR APPELLANT:**        Pamela Carvel, *pro se*, London, England.

**FOR APPELLEE:**        Andrew M. Cuomo, Attorney General of the State of New
York, Barabara D. Underwood, Solicitor General, Michael
Belohlavek, Senior Counsel, and Patrick Walsh, Assistant
Solicitor General, Office of the Attorney General of the State of
New York, New York, New York.

Appeal from an August 8, 2008 judgment of the United States District Court for the Southern District of New York (Shira A. Scheindlin, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED IN PART** and **VACATED IN PART**. The cause is **REMANDED** to the District Court.

Plaintiff-appellant Pamela Carvel ("plaintiff"), *pro se*, brings this action under 42 U.S.C. §§ 1981, 1983, and 1985, against several private attorneys, state disciplinary committee members, and a probate judge involved in the administration of the estate of Thomas and Agnes Carvel. Plaintiff alleges that defendants conspired to defraud the estate of hundreds of millions of dollars and conceal those offenses from the public. Plaintiff further claims that defendants engaged in a conspiracy to deprive her of her rights to due process, equal protection, and free speech, as well as her right to petition the government for redress of grievances. She also asserts various state law claims.

The District Court, acting *sua sponte*, dismissed plaintiff's complaint for lack of jurisdiction and for failure to state a claim upon which relief can be granted. Plaintiff now appeals from that dismissal. We assume the parties' familiarity with the underlying facts, the procedural history of this action, and issues raised on appeal.

We review a district court's dismissal of a complaint *de novo*. *See Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004). Undertaking that review, we affirm most aspects of the District Court's dismissal of plaintiff's complaint in this action but vacate and remand one aspect of that dismissal.

First, we agree with the District Court that the Eleventh Amendment bars plaintiff's claims against the State of New York and the Office of Court Administration of the Unified Court System. *See Gollomp v. Spitzer*, 568 F.3d 355, 368 (2d Cir. 2009) (holding that New York State Unified Court System is "unquestionably an arm of the State" and entitled to Eleventh Amendment sovereign immunity (internal quotation marks omitted)).

Second, any claim for damages against Anthony Scarpino, a New York State Supreme Court Justice, is barred by the doctrine of absolute judicial immunity. *See Huminski v. Corsones*, 396 F.3d 53, 75 (2d Cir. 2005).

Third, plaintiff lacks standing to bring any claim against the attorneys of the disciplinary departmental committee who declined to prosecute ethics complaints against plaintiff's former attorneys. *See In re Phillips*, 510 F.2d 126, 126 (2d Cir. 1975) (holding that private citizens lack standing to participate in attorney disciplinary proceedings).

Finally, however, we cannot affirm the District Court's dismissal of plaintiff's conspiracy allegations under § 1983. Plaintiff alleges a "strong appearance of bribery" surrounding $400,000 in loans given to Justice Scarpino. App. 26 (Compl. ¶¶ 69-70). Although Justice Scarpino enjoys the benefit of absolute judicial immunity from that claim, the other defendants involved in the alleged "bribery" scheme do not. *See Dennis v. Sparks*, 449 U.S. 24, 28-29 (1980). Because the District Court did not explicitly address this claim before dismissing it *sua sponte*, we lack a basis on which to affirm its dismissal. We therefore vacate the dismissal with respect to the "bribery" claim and remand for the District Court to address the claim in the first instance.

We have considered plaintiff's remaining arguments on appeal and have determined that they are meritless.

## CONCLUSION

For the foregoing reasons, the August 8, 2008 judgment of the District Court is **AFFIRMED IN PART** and **VACATED IN PART**. The cause is remanded to the District Court for proceedings consistent with this Order.

FOR THE COURT,

Catherine O'Hagan Wolfe, Clerk of Court