10-4966-cv
Esposito v. State of New York

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 2ⁿᵈ day of November, two thousand eleven.

PRESENT:
      AMALYA L. KEARSE,
      PIERRE N. LEVAL,
      DENNY CHIN,
            Circuit Judges.

- - - - - - - - - - - - - - - - - - - - - - - - -x

LUISA C. ESPOSITO,
            Plaintiff-Appellant,

      -v.-                         10-4966-cv

THE STATE OF NEW YORK, THE OFFICE OF COURT ADMINISTRATION OF THE UNITED COURT SYSTEM, THOMAS J. CAHILL, in his official capacity, THOMAS J. CAHILL, in his individual capacity, NAOMI GOLDSTEIN, in her official capacity, NAOMI GOLDSTEIN, in her individual capacity, ALBERT S. BLINDER, in his official capacity, ALBERT S. BLINDER, in his individual capacity, HARVEY GLADSTEIN & PARTNERS LLC, formerly known as Gladstein & Isaac, ALLEN H. ISAAC, individually, ALLEN H. ISAAC, as a partner of Harvey Gladstein & Partners LLC f/k/a/ Gladstein & Isaac, THE CITY OF NEW YORK, RAYMOND KELLY, ROBERT ARBUISO, in his official and individual capacity, ADAM LAMBOY, in his official and individual capacity, JANE AND JOHN DOES, ARTHUR POLLACK, CONRAD POLLACK, individually and as a partner of Pollack, Pollack, Isaac & DeCicco, LLP, BRIAN J. ISAAC, individually and as a partner of Pollack, Pollack, Isaac

& DeCicco, LLP, POLLACK, POLLACK, ISAAC &
DECICCO, LLP,
                    <u>Defendants – Appellees</u>,

JOHN DOES, JANE DOES, GLADSTEIN & ISAAC, JANE
AND JOHN DOES, FRED DECICCO,
                    <u>Defendants</u>.

- - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:    LUISA C. ESPOSITO, <u>Pro Se</u>, West
                            Hempstead, New York.

FOR DEFENDANTS-APPELLEES:   MICHAEL A. CARDOZO (Edward F.X.
                            Hart, Philip S. Frank, Tahirih M.
                            Sadrieh, <u>on the brief</u>), New York
                            City Law Department, New York, New
                            York, <u>for</u> the City of New York,
                            Raymond Kelly, Robert Arbuiso, and
                            Adam Lamboy.

                            DOUGLAS S. LANGHOLZ, Morgan
                            Melhuish Abrutyn, New York, New
                            York, <u>for</u> Arthur Pollack, Conrad
                            Pollack, Brian J. Isaac, and
                            Pollack, Pollack, Isaac & DeCicco,
                            LLP.

                            TRAYCEE ELLEN KLEIN, Epstein Becker
                            & Green, P.C., New York, New York,
                            <u>for</u> Harvey Gladstein & Partners,
                            LLC.


                            DIANE KREBS, Gordon & Rees, LLP,
                            New York, New York, <u>for</u> Allen H.
                            Isaac.

                            ERIC T. SCHNEIDERMAN, Attorney
                            General of the State of New York,
                            (Barbara D. Underwood, Solicitor
                            General, Alison J. Nathan, Special
                            Counsel, Patrick J. Walsh,
                            Assistant Solicitor General of
                            Counsel, <u>on the brief</u>), Office of
                            the Attorney General of the State
                            of New York, New York, New York,
                            <u>for</u> the State of New York, Office
                            of Court Administration of the
                            United Court System, Thomas J.
                            Cahill, Naomi Goldstein, and Albert
                            S. Blinder.

Appeal from the United States District Court for the Southern District of New York (Scheindlin, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the orders of the district court, dated September 17, October 25, and November 3, 2010, are **AFFIRMED**.

We assume the parties' familiarity with the underlying facts and the issues on appeal. The district court dismissed plaintiff-appellant Luisa Esposito's action, along with five other related cases, on August 8, 2008.[1] <u>See</u> <u>Esposito v. State of New York</u>, No. 07 Civ. 11612 (SAS), 2008 WL 3523910 (S.D.N.Y. Aug. 8, 2008). Esposito filed a motion for reconsideration pursuant to Federal Rule of Civil Procedure ("Rule") 60(b), which the district court denied on August 28, 2008. Order, <u>Esposito v. State of New York</u>, No. 07 Civ. 11612 (SAS) (S.D.N.Y. Aug. 28, 2008). On September 2, 2008, Esposito filed a notice of appeal of both the district court's dismissal of her claims and its denial of her Rule 60(b) motion. This Court affirmed both rulings. <u>Esposito v. New York</u>, 355 Fed. Appx. 511 (2d Cir. 2009).

On September 1, 2010, Esposito moved in the district court to reopen pursuant to Rule 60(b). The district court denied the motion in its memorandum opinion and order of October 25, 2010. <u>Esposito v. State of New York</u>, No. 07 Civ. 11612

---

[1] The district court did not enter a separate judgment dismissing Esposito's action. When a judgment is required to be set out in a separate document but is not, judgment is deemed to be entered 150 days after the entry of the dispositive order. Fed. R. Civ. P. 58(c)(2)(B).

(SAS), 2010 WL 4261396 (S.D.N.Y. Oct. 25, 2010). The district court also issued orders, dated September 17, 2010, and November 3, 2010, respectively, denying Esposito's motion to disqualify the Office of the New York State Attorney General from representing the state defendants and Esposito's motion to strike the district court's memorandum opinion and order. Esposito now appeals.

We affirm, substantially for the reasons stated by the district court. First, the motion to reopen was time barred. Although Esposito stated that her motion was brought under Rule 60(b)(6), it was in fact a 60(b)(2) motion, as the motion was based on purportedly new evidence. Rule 60(c)(1), however, provides that motions under, inter alia, Rule 60(b)(2) must be brought "no more than a year after the entry of the judgment or order or the date of the proceeding." Regardless of whether the one-year period for filing the Rule 60(b)(2) motion ran from the date of the order dismissing Esposito's suit (August 8, 2008), the date of the denial of the motion for reconsideration (August 28, 2008), the date on which Esposito filed her notice of appeal (September 2, 2008), or the date that judgment was deemed to be entered (150 days after entry of the order constituting the judgment), Esposito's motion was untimely.

Second, even assuming that Esposito's motion could have been construed as a timely 60(b)(6) motion, the district court did not abuse its discretion in denying the motion on the merits. The new evidence she presented did not meet the high threshold

-4-

required with respect to a Rule 60(b) motion.  See Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (stating that Rule 60(b) motions request "extraordinary judicial relief" and are generally granted only in "exceptional circumstances"). Although Esposito's newly presented evidence lent credence to her factual claims, the district court had presumed all of Esposito's factual allegations were true when it dismissed Esposito's complaint on multiple legal grounds.  See Esposito v. State of New York, No. 07 Civ. 11612 (SAS), 2008 WL 3523910 (S.D.N.Y. Aug. 8, 2008).

Third, the district court properly rejected Esposito's attempt to assert a claim under the Violence Against Women Act ("VAWA"), Pub. L. No. 103–322, tit. IV, 108 Stat. 1902–59 (codified in scattered sections of U.S.C.), because there is no civil private remedy under VAWA.  See United States v. Morrison, 529 U.S. 598 (2000) (holding unconstitutional 42 U.S.C. § 13981, the section of VAWA providing a civil private remedy).

Finally, Esposito also argued that the New York State Attorney General's office should not have been permitted to represent the state defendants in their individual capacities. The district court did not abuse its discretion in denying Esposito's motion to disqualify because Esposito failed "to offer any reasons for [the] request."  Order, Esposito v. State of New York, No. 07 Civ. 11612 (SAS) (S.D.N.Y. Sept. 20, 2010).

We have considered all of Esposito's contentions on this appeal and have found them to be without merit. Accordingly, the orders of the district court are **AFFIRMED**.

FOR THE COURT:

CATHERINE O'HAGAN WOLFE, CLERK