16-1922-cv
*Esposito v. State of New York*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of June, two thousand seventeen.

PRESENT:   RALPH K. WINTER,
           GUIDO CALABRESI,
           DENNY CHIN,
                    *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

LUISA C. ESPOSITO,
                    *Plaintiff-Appellant*,

        v.                                          16-1922-cv

STATE OF NEW YORK, THE OFFICE OF
COURT ADMINISTRATION OF THE
UNIFIED COURT SYSTEM OF THE  STATE
OF NEW YORK, THOMAS J. CAHILL, in his
official capacity, in his individual capacity,
FRED DECICCO, NAOMI GOLDSTEIN, in her
official capacity, in her individual capacity,
ALBERT S. BLINDER, in his official capacity,
in his individual capacity, Harvey Gladstein &

Partners LLC, f/k/a Gladstein & Isaac, ALLEN H. ISAAC, individually, as a partner of Harvey Gladstein & Partners LLC, f/k/a Gladstein & Isaac, CITY OF NEW YORK, RAYMOND KELLY, ROBERT ARBUISO, in his official and individual capacity, ADAM LAMBOY, in his official and individual capacity, ARTHUR POLLACK, CONRAD POLLACK, individually and as a partner of Pollack, Pollack, Isaac & DeCicco, LLP, BRIAN J. ISAAC, individually and as a partner of Pollack, Pollack, Isaac & DeCicco, LLP, POLLACK, POLLACK, ISAAC & DECICCO, LLP, GLADSTEIN & ISAAC, Jane and John Does,

<em>Defendants-Appellees</em>.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| FOR PLAINTIFF-APPELLANT: | LUISA C. ESPOSITO, *pro se*, West Hempstead, New York. |
| FOR DEFENDANT-APPELLEES STATE OF NEW YORK, OFFICE OF COURT ADMINISTRATION OF THE UNIFIED COURT SYSTEM OF THE STATE OF NEW YORK, THOMAS J. CAHILL, NAOMI GOLDSTEIN, AND ALBERT S. BLINDER: | DAVID LAWRENCE III, Assistant Solicitor General, Barbara D. Underwood, Solicitor General, Steven C. Wu, Deputy Solicitor General, *for* Eric T. Schneiderman, Attorney General of the State of New York, New York, New York. |
| FOR DEFENDANT-APPELLEE HARVEY GLADSTEIN & PARTNERS LLC: | JONATHAN L. SHAPIRO, Traycee E. Klein, Epstein Becker & Green, P.C., New York, New York. |
| FOR DEFENDANT-APPELLEE ALLEN H. ISAAC: | Kuuku Minnah-Donkoh, Gordon & Rees LLP, New York, New York. |
| FOR DEFENDANT-APPELLEES CITY OF NEW YORK, RAYMOND KELLY, ROBERT ARBUISO, ADAM LAMBOY: | Devin Slack, Antonella Karlin, Assistant Corporation Counsels, *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, New York. |

FOR DEFENDANT-APPELLEES POLLACK, POLLACK, ISAAC & DECECCO, LLP, ARTHUR POLLACK, CONRAD POLLACK, BRIAN J. ISAAC:

Erin A. O'Leary, Morgan Melhuish Abrutyn, New York, New York.

Appeal from orders of the United States District Court for the Southern District of New York (Cote, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the orders of the district court are **AFFIRMED**.

Luisa C. Esposito, *pro se*, appeals from the district court's May 12, 2016 order, denying as untimely her third motion pursuant to Federal Rule of Civil Procedure 60 to reopen her 2008 case (the "Rule 60 motion") in which she asserted 42 U.S.C. § 1983 and state law claims based on allegations that her former attorney, Allen H. Isaac, sexually assaulted and harassed her and that others conspired to protect him from civil penalties. She also appeals from the district court's June 9, 2016 order, denying her motion for reconsideration of the denial of her Rule 60 motion. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

In August 2008, the district court dismissed Esposito's underlying complaint on the grounds that, *inter alia*, her § 1983 claims were not cognizable in federal court. We affirmed that dismissal on December 8, 2009. *See Esposito v. New York*, 355 F. App'x 511 (2d Cir. 2009) (summary order). Esposito filed motions to reopen her case in 2010 and 2012, and both motions were denied. Esposito appealed the denial of her 2010 motion

3

and we affirmed. *Esposito v. New York*, 453 F. App'x 37 (2d Cir. 2011) (summary order). She did not appeal the denial of the 2012 motion. In the Rule 60 motion that is the subject of this appeal, Esposito averred that she obtained newly discovered evidence that corroborated the factual allegations underlying her complaint and that certain defendants had perpetrated a fraud on the district court. The district court denied Esposito's Rule 60 motion and a subsequent motion to reconsider on grounds that Esposito's request for relief was untimely.

We review the denial of a Rule 60 motion and a motion to reconsider for abuse of discretion. *Simon v. City of New York*, 727 F.3d 167, 171 (2d Cir. 2013); *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012). A district court abuses its discretion "when (1) its decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding, or (2) its decision -- though not necessarily the product of a legal error or a clearly erroneous factual finding -- cannot be located within the range of permissible decisions." *Zervos v. Verizon N.Y., Inc.*, 252 F.3d 163, 169 (2d Cir. 2001).

We identify no abuse of discretion here. The district court correctly declined to treat Esposito's Rule 60 motion as one seeking relief for fraud on the court under Rule 60(d)(3), which is not subject to a time limitation, because the motion largely described "newly discovered evidence," and, in any event, the alleged misconduct on the part of certain defendants did not constitute "fraud on the court." *See Hadges v. Yonkers Racing Corp.*, 48 F.3d 1320, 1325 (2d Cir. 1995) (noting that fraud on the court "is limited to fraud

4

which seriously affects the integrity of the normal process of adjudication"); *Gleason v. Jandrucko*, 860 F.2d 556, 559-60 (2d Cir. 1988) (noting that even "[a]fter-discovered evidence of alleged perjury by a witness" and "allegations of nondisclosure during pretrial discovery" are insufficient to establish fraud on the court).[1]  Moreover, because Esposito's Rule 60 motion was based on newly discovered evidence, the district court correctly treated it as one brought under Rule 60(b)(2), allowing relief from the judgment based on newly discovered evidence, and not Rule 60(b)(6), allowing relief from the judgment for "any other reason that justifies relief."  *See United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391-92 (2d Cir. 2001) ("[I]f the reasons offered for relief from judgment can be considered in one of the more specific clauses of Rule 60(b), such reasons will not justify relief under Rule 60(b)(6).").  Accordingly, as the district court concluded, Esposito's motion should have been brought within a year of the entry of judgment.  Fed. R. Civ. P. 60(c)(1).  The motion, however, was filed more than seven years after entry of the judgment in 2008, and was therefore untimely.  For the same reasons, the district court correctly denied Esposito's motion to reconsider.

. . .

We have considered Esposito's remaining arguments and conclude they are without merit.  As we advised Esposito at oral argument, the power of the federal

---

[1]  Esposito's argument on appeal that her motion should have been considered an "independent action" under Rule 60(d)(1) is waived because she did not raise it in the district court.  *See Universal Church v. Geltzer*, 463 F.3d 218, 228 (2d Cir. 2006).

courts is limited and there is not a federal remedy for every wrong. Notwithstanding the serious harm Esposito seems to have suffered, it appears that there is no federal remedy to redress her injury. Furthermore, we note that this is Esposito's third appeal and that she has unsuccessfully moved to reopen her case in the district court three times. All of these efforts have been rejected. Yet, Esposito suggested at oral argument that she will continue to file motions to reopen the case. If she does so without a proper basis, the district court may wish to consider implementing a filing restriction and advising Esposito that she may face sanctions if she continues to file meritless motions.

Accordingly, we **AFFIRM** the orders of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk