**In the Matter of Abraham TEITELBAUM.**

**Appeal of R. TIEKEN, United States Attorney for the Northern District of Illinois.**

**No. 12100.**

United States Court of Appeals
Seventh Circuit.

March 5, 1958.

Robert Tieken, U. S. Atty., John Peter Lulinski, William A. Barnett, Asst. U. S. Attys., Chicago, Ill. (Edwin A. Strugala, Asst. U. S. Atty., Chicago, Ill., of counsel), for appellant.

Abraham Teitelbaum, Chicago, Ill., for appellee.

Before DUFFY, Chief Judge, and HASTINGS and PARKINSON, Circuit Judges.

DUFFY, Chief Judge.

R. Tieken is the United States Attorney for the Northern District of Illinois. Mr. Tieken requested and received permission to file with the United States District Court for the Northern District of Illinois, a petition asking that Abraham Teitelbaum, an attorney licensed to practice at the bar of that Court, be disbarred. Under the rules of the District Court the petition was referred to the Executive Committee of that Court which was composed of three judges. This Committee referred the matter to Honorable Philip L. Sullivan who is now Chief Judge of that Court.

The petition alleged Teitelbaum had been found guilty of felonies on two occasions, the offense charged in each case being a wilful attempt to evade income tax in violation of Title 26 U.S.C.A. § 145(b). Teitelbaum filed an answer denying he had been convicted of felonies and alleged that in one case sentence had been suspended, and that the second case involved a misdemeanor. Mr. Tieken filed a reply submitting the text of the judgments in the two cases. No oral testimony was taken. After considering the pleadings, the record and the briefs,

1

Judge Sullivan filed his decision denying the petition for disbarment. Mr. Tieken filed a notice of appeal to this Court. He made no request of the District Court for permission to prosecute this appeal.

It is a rare situation indeed where a United States District Court has determined an attorney should not be disbarred, that anyone has claimed the authority to bring such a decision before an appellate court for review. We know of only one such case,[1] and there the question was presented in an entirely different posture. Here the District Court is satisfied to have Teitelbaum's name remain upon the role of attorneys authorized to practice at the bar of that Court. The only attempt being made to force the District Court to take a contrary action is by Mr. R. Tieken who happens to be the United States Attorney.

Mr. Tieken argues that the offenses charged in the two criminal prosecutions were, in fact, felonies. He then points to local Rule 8 of the Rules of the District Court for the Northern District of Illinois which states that an attorney who has been convicted of a felony shall be disbarred.

The prosecutions of Teitelbaum for income tax evasion were before Judge J. Sam Perry of the United States District Court for the Northern District of Illinois. Judge Perry handled the cases in some respects as though the convictions had been for misdemeanors. He did not impose any sentence in the first case, but imposed probation for a period of twelve months. It appears this prosecution was conducted a considerable period after a jeopardy assessment had been levied and the amount claimed to be due had been paid with penalties and interest. In fact, Teitelbaum claimed that he was unable to defend the second prosecution because the government had impoverished him, and he had no funds to employ an attorney. He entered a plea of *nolo contendere* to the second charge and Judge Perry imposed a sentence of twelve months but immediately suspended same, and placed Teitelbaum on probation for twelve months. The two periods of probation were concurrent. Judge Perry also commented: "A mitigating factor was Teitelbaum's honesty in listing all of his gross income in his returns."

However, we do not reach the case upon the merits. A motion to dismiss the appeal was timely made but was denied without prejudice to renew same at the time the case was submitted on oral argument. The motion to dismiss has been renewed. For reasons hereinafter stated, we think the motion must be granted.

R. Tieken was not a party to the proceeding below. Actually, his status was that of an informer. As a member of the bar of that Court he was completely within his rights in calling the attention of the Court to the alleged misconduct of one of its officers. He adopted correct procedure in asking leave of the Court to file his petition. However, there is nothing about his official position as United States Attorney which permits him to decide as to the moral fitness of attorneys to practice at the bar of the District Court of the Northern District of Illinois, or to decide which attorneys should be stricken from the roles. The responsibility of maintaining the integrity of the bar of that Court rests in the Court itself. We

---

1. In re Noell, 8 Cir., 93 F.2d 5, and Blanton v. Noell, 8 Cir., 93 F.2d 7, were treated by the Court as one case although separate opinions were written. Noell was brought before the Court of Appeals in an original proceeding because a state court had disbarred him for two years. Largely because of the manner in which the disbarment was handled, the United States Court of Appeals refused to disbar. However, there was also the proceeding where the United States Attorney had petitioned for an order to show cause why Noell's name should not be removed from the role of attorneys in the United States Court. The Court of Appeals ordered an affirmance of the District Court order. No question was raised in the case as to the right or authority of the United States Attorney to file a petition for an order to show cause.

think Mr. Tieken had no standing as a party or otherwise to bring this appeal. The motion to dismiss the appeal must be and is

Granted.