966 F.2d 1456
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
In the Matter of CONTINENTAL STEEL CORPORATION formerly
known as Penn Dixie Steel Corporation, formerly
known as Penn Dixie Industries,
Incorporated, Debtor.
Appeal of Lewis R. ANDERSON, I.D. Breeden, Sr., Phil Kauble, et al.
 No. 91-3387.
 United States Court of Appeals, Seventh Circuit.
 Argued April 7, 1992.
Decided June 17, 1992.
 
 1
 Before FLAUM and MANION, Circuit Judges, and MILTON I. SHADUR, District Judge*.
 
 ORDER
 
 2
 Appellants filed a report of attorney misconduct in the bankruptcy court and requested that the bankruptcy court take disciplinary action against the appellees. The Bankruptcy Court took no disciplinary action after concluding that there was not a "shred of support" for the report of misconduct. The appellants appealed the denial to the district court. The district court affirmed the bankruptcy court. We hold that the appellants have no standing and dismiss the appeal.
 
 I. Facts
 
 3
 The appellants are claimants to a pension plan that has been the subject of dispute in adversary proceedings before the bankruptcy court. On March 10, 1988, the bankruptcy court approved a settlement agreement between the Union, the Pension Benefit Guaranty Company and the trustee in bankruptcy regarding the termination date of the pension plan. Dissatisfied with the administration of benefits from the plan pursuant to the terms worked out by the Union, the appellants filed with the bankruptcy court a "Verified Report to the Court of Egregious Attorney Misconduct by William P. Wooden, Esq., John D. Nell, Esq., Wooden McLaughlin & Sterner and Paul T. Deignan, Esq., John Wood and the Law Firm of Bamberger & Feibleman and Motion to Appoint Counsel" ("Report"). The report alleged misconduct both on the part of Bamberger & Feibleman and several of its individual attorneys who represented the Union in the bankruptcy proceedings and also on the part of Wooden, McLaughlin & Sterner and several individual attorneys who defended Bamberger & Feibleman in an action for accounting in state court.
 
 
 4
 The allegations against the attorneys break down into three groups: (1) Bamberger and Feibleman filed claims in the adversary proceedings before the bankruptcy court on behalf of the appellants without the appellants' knowledge or consent, (2) Bamberger and Feibleman participated in settlement of the former employees' claims to $3,500,000 and participated in the liquidation of Pension Plan assets of $40,000,000, and the sums are not accounted for, and (3) Wooden, McLaughlin & Sterner's answer in state court denying the attorney-client relationship between Bamberger and Feibleman perpetrated a fraud on the state court. The appellants requested that the matter be referred to the Indiana Disciplinary Commission of the Indiana Supreme Court for investigation pursuant to Rule V(A) of the Rules of Disciplinary Enforcement for the Southern District of Indiana ("Rules of Disciplinary Enforcement").
 
 
 5
 After determining that there had been no fraudulent behavior, the bankruptcy court declined to refer the Report to counsel for further investigation. Mem.Op. Mar. 28, 1991. After accepting review of the bankruptcy court's order under the collateral order doctrine, the district court determined that the bankruptcy court's findings of fact were not clearly erroneous and concluded that the bankruptcy court had not abused its discretion by not referring the matter to counsel for further investigation. Furthermore, the district court found that after the bankruptcy court's decision, the appellants filed a claim of misconduct on the part of Attorney Deignan with the Indiana Disciplinary Commission and that the Indiana Disciplinary Commission had concluded that Deignan was not guilty of misconduct and dismissed the complaint. Accordingly, the district court determined that the appeal from the bankruptcy court's decision was moot as well as meritless. Mem.Op. Sep. 30, 1991.
 
 
 6
 On appeal to this court, the appellants maintain that the bankruptcy court was obliged to refer the matter to counsel pursuant to Rule V(A) of the Rules of Disciplinary Enforcement. We dismiss the appeal because the appellants lack standing.
 
 II. Analysis
 
 7
 The court's power to discipline any attorney after receiving information of misconduct stems from the court's inherent power to oversee the conduct of its officers and maintain the integrity of the court. See In re Echeles, 430 F.2d 347, 349 (7th Cir.1970) (disbarment and suspension proceedings are not lawsuits between parties but are in the nature of an inquest or inquiry as to the conduct of the respondent); In re Teitelbaum, 253 F.2d 1, 2 (7th Cir.1958) (status of person bringing information to the court was that of informer). By bringing their Report to the bankruptcy court, the appellants did not initiate a lawsuit or become parties to a disciplinary proceeding but simply served as informants to the court. Beyond acting as informer, an individual may not exercise control over disciplinary proceedings. Mattice v. Meyer, 353 F.2d 316, 319 (8th Cir.1965). Even if the reporting person is a party or counsel to a party in the case where the ethical violation has occurred, the role of a party or counsel ends after a report has been submitted to the court. "It remains for the court to vindicate its authority." Ramos Colon v. United States Attorney, 576 F.2d 1, 9 (1st Cir.1978); accord Mattice, 353 F.2d at 319. Accordingly, in In re Teitelbaum, this court concluded that the United States Attorney who reported misconduct of another attorney to the court had no standing to appeal the lower court's decision not to disbar the errant attorney. In re Teitelbaum, 253 F.2d at 2. In In re Echeles, this court concluded that the United States Attorney who reported misconduct had standing to appeal only because the district court gave permission for the appeal. In re Echeles, 430 F.2d at 350.
 
 
 8
 The appellants in this case, however, see their position as distinguishable from that of the attorneys denied standing in the cases cited above. They request "that the Entry of the District Court be reversed and that instructions to the District court be made to instruct the Bankruptcy Court to appoint counsel of the Disciplinary Commission of the Indiana Supreme Court upon Claimants' allegations which, if substantiated, would warrant discipline, pursuant to Rule 5(A) of the Rules of Disciplinary Enforcement of the District Court." Appellants contend that the bankruptcy court did not comply with the mandatory language of Rule V(A) of the Disciplinary Enforcement Rules of the Southern District of Indiana which provides:
 
 
 9
 When misconduct or allegations of misconduct which, if substantiated, would warrant discipline on the part of an attorney admitted to practice before this Court shall come to the attention of a judge of this Court, whether by complaint or otherwise, and the applicable procedure is not otherwise mandated by these Rules, the judge shall refer the matter to counsel for investigation and the prosecution of a formal disciplinary proceeding or the formulation of such other recommendation as may be appropriate.
 
 
 10
 Rule V(A), Rules of Disciplinary Enforcement, Southern District of Indiana (emphasis added).
 
 
 11
 The existence of the local rules, however, does not change the principles of standing that guided this court in In re Echeles and In re Teitelbaum. The local rules do not raise the status of the appellants above that of informers. They create no cause of action but simply guide the court in the exercise of its inherent right to oversee the integrity of the court by disciplining the bar. Accordingly, the appellants in this case have no more standing to appeal the district court's disposition of their report than the United States Attorney in In re Teitelbaum. As informers, the appellants stand in no better position to appeal than a citizen who reports to a district attorney criminal activity that the district attorney decides not to prosecute.
 
 
 12
 Other appellate courts have noted that a district court's inherent power to discipline attorneys who practice before it does not absolve the court from its obligation to follow the rules it created to implement its exercise of its power. Matter of Thalheim, 853 F.2d 383, 388 (5th Cir.1988); United States v. Stoneberger, 805 F.2d 1391, 1393-94 (9th Cir.1986); Matter of Abrams, 521 F.2d 1094, 1104 (3d Cir.1975), cert. denied sub nom. United States District Court v. Abrams, 423 U.S. 1038 (1975); cf. Congregation of the Passion v. Touche, Ross & Co., 854 F.2d 219, 223 (7th Cir.1988) (despite considerable discretion given to district courts in interpreting their local rules, court of appeals will reverse a district court's construction of its own rule whenever the district court has clearly misconstrued the rule). In all of those cases, however, the disciplined attorney was appealing the district court's violation of its local rules in instituting or conducting proceedings against the disciplined attorney. The requirement of standing focuses on the party bringing the case before the court and not on the issues he wishes to present. Valley Forge Christian College v. Americans United for Separation of Church and State, 454 U.S. 464, 484 (1982) (citing Flast v. Cohen, 392 U.S. 83, 99 (1968)). While a reporting party or attorney is not a party to the disciplinary proceeding that may result from his report, an attorney who is disciplined by the district court has become a party to the proceedings and has a right to appeal. Appellants have brought alleged misconduct to the attention of the court. As mere informers, they have no standing to do anything more.
 
 III. Conclusion
 
 13
 For the reasons stated above, the appeal is DISMISSED.
 
 
 
 *
 Hon. Milton I. Shadur, District Judge for the Northern District of Illinois, is sitting by designation