■ In the Matter of JOHN C., JR., an Infant. ETHEL C., Appellant; COMMISSIONER OF NEW YORK CITY ADMINISTRATION FOR CHILDREN'S SERVICES et al., Respondents, et al., Respondents. [718 NYS2d 314] —Appeal from order, Family Court, New York County (Sheldon Rand, J.), entered on or about January 21, 1998, which, after a hearing, denied petitioner grandmother's application for custody of the subject child, a neglected child who was then in foster care, and dismissed the petition with prejudice, unanimously dismissed, without costs.

Parental rights to the subject child having been terminated subsequent to the order on appeal, jurisdiction is lacking over a petition by a private person seeking "mere custody" of the child (*Matter of Arnetta S. v Commissioner of Social Servs. of City of N. Y.*, 186 AD2d 519). Petitioner's recourse is to seek adoption of the child (*see, Matter of Rockland County Dept. of Social Servs. [Charles H.]*, 207 AD2d 788, 789; *see also, Matter of Genoria SS. v Christina TT.*, 233 AD2d 827, *lv denied* 89 NY2d 811; *Matter of Mary Liza J. v Orange County Dept. of Social Servs.*, 198 AD2d 350, *lv denied* 83 NY2d 755). Since the appeal must be dismissed, we decline to reach the issue of whether Family Court erred in admitting reports of suspected child abuse or maltreatment naming petitioner despite the lack of a proper foundation pursuant to CPLR 4518 and Family Court Act § 651-a. Concur—Lerner, J. P., Andrias, Saxe, Buckley and Friedman, JJ.

■ In the Matter of NEB MORROW III, Appellant, v THOMAS J. CAHILL et al., Respondents. [718 NYS2d 315] —Judgment, Supreme Court, New York County (Stanley Sklar, J.), entered on or about December 8, 1999, which denied petitioner's application pursuant to CPLR article 78 challenging respondent Departmental Disciplinary Committee's determination not to institute proceedings against petitioner's former counsel, and dismissed the proceeding, unanimously affirmed, without costs.

Petitioner, who is not the licensee, does not have standing since there is no direct and harmful effect on him (*see, Matter of Altamore v Barrios-Paoli*, 90 NY2d 378, 384; *Mantell v New York State Commn. on Judicial Conduct*, 277 AD2d 96). Concur—Lerner, J. P., Andrias, Saxe, Buckley and Friedman, JJ.