10-90018-am

# UNITED STATES COURT OF APPEALS

# FOR THE SECOND CIRCUIT

August Term, 2010

(Decided: May 27, 2011)

Docket No. 10-90018-am

_____

In re Attorney Disciplinary Appeal.

_____

Before:  Cabranes, Sack, and Wesley, Circuit Judges.

**PER CURIAM:**

The Appellant, who was the plaintiff in a civil case in the United States District Court for the Southern District of New York, seeks to appeal, or obtain mandamus review of, a January 27, 2010 decision of that court's Committee on Grievances declining to take disciplinary action against the Appellant's former attorney, referred to here as Attorney 1.[1]  The challenged decision took the

---

[1]  Since discipline was not imposed by the district court, we refer to the two attorneys at issue as "Attorney 1" and "Attorney 2."

form of a letter to the Appellant, simply informing him that the Committee was "of the view that no disciplinary action is warranted."

The Appellant's papers in this Court further allege that an Assistant U.S. Attorney, referred to here as Attorney 2, also engaged in misconduct, although it is not clear if those allegations are new or were first presented to the district court.

**Discussion**

We have not yet addressed the issue of whether a complainant has standing to appeal a district court grievance committee's decision declining to discipline an attorney. However, in response to a pro se litigant's "motion" for this Court to require an attorney to show cause why he should not be suspended or disbarred, we stated that "a private person or a lawyer has no standing to participate in a disciplinary proceeding." *In re Phillips*, 510 F.2d 126, 126 (2d Cir. 1975)(per curiam). Although we then addressed the alleged misconduct, we made clear that the litigant who presented the misconduct charge was treated as a complainant, rather than a participant. *Id.*

In support of our standing ruling in *Phillips*, we relied on two opinions that are relevant to the present issue. The first, an Eighth Circuit decision, held that an individual lacks standing to bring a federal action seeking an attorney's disbarment from a state bar or federal district court bar, or to bring an appeal from the

2

district court's dismissal of the purported disbarment action. *See Mattice v. Meyer*, 353 F.2d 316, 318-19 (8th Cir. 1965); *accord Starr v. Mandanici*, 152 F.3d 741, 748-51 (8th Cir. 1998).

The *Phillips* decision also cited *Ginsburg v. Stern*, 125 F. Supp. 596 (W.D. Pa. 1954), *aff'd*, 225 F.2d 245 (3d Cir. 1955) (en banc), which stated the following about a plaintiff's prior petition to the Pennsylvania Supreme Court requesting disciplinary action against several attorneys:

> Plaintiff's petition, just as any other complaint of professional misconduct, merely supplied information for the court's consideration. ... If the court considers that no offense has been committed; or that the allegations of the complaint are insufficient, immaterial, impertinent or scandalous; or that the complaint has been filed from an improper motive; or for any other reason decides not to proceed with the matter, the complainant has no recourse.
>
> Plaintiff is an informer and nothing more, and as such, has no right to be heard at any stage of the proceeding, save as the court or its committee may call upon him to testify. The plaintiff has averred nothing to show that his interest in the matter before the [Pennsylvania] Supreme Court differed in any particular from the interest of any other citizen and member of the bar, none of whom have any standing as a party in interest.

*Id.*, 125 F. Supp. at 603.

Aside from the Eighth Circuit's decisions in *Mattice* and *Starr*, the First, Seventh, and Tenth Circuits also have found that an individual lacks standing to appeal a district court's decision not to discipline an attorney. *See In re Lynn*, 505 F.3d 1323, 1323 (10th Cir. 2007)(order)("A private citizen does not have standing to

3

initiate or maintain a disciplinary proceeding, or to appeal if a court declines to discipline an attorney."); *Ramos Colon v. United States Attorney*, 576 F.2d 1, 6, 9 n.15 (1st Cir. 1978)("A private party cannot challenge the [district] court's decision not to discipline"; appeal dismissed, and mandamus petition denied, based on lack of standing); *In re Teitelbaum*, 253 F.2d 1, 2-3 (7th Cir. 1958)(holding that United States Attorney, who had been granted leave to petition the district court for the disbarment of an attorney, lacked standing to appeal from the order denying the petition); *cf. Doyle v. Oklahoma Bar Ass'n*, 998 F.2d 1559, 1566-67 (10th Cir. 1993) (holding that plaintiff lacked standing to bring an action, pursuant to 42 U.S.C. § 1983, challenging a state bar association's failure to discipline an attorney, or to bring an appeal from the dismissal of the § 1983 action).[2]

---

[2]  Several years after its decision in *Teitelbaum*, the Seventh Circuit held that a United States Attorney had standing to appeal a district court's decision declining to discipline an attorney, where the district court itself had requested the United States Attorney to present evidence in the court's disciplinary proceeding and, after the proceeding was dismissed, authorized the United States Attorney to continue in the matter by taking "any appeal ... he might determine to take." *In re Echeles*, 430 F.2d 347, 350-51 (7th Cir. 1970).  In finding that the United States Attorney had standing, the Seventh Circuit saw the appeal as essentially taken on behalf of the district court, which found itself "in the anomalous position of ruling contrary to its [own] findings." *Id.*  Specifically, the Seventh Circuit regarded the district court's "authorization of the United States Attorney to appeal from such a result as a step toward fulfilling [the district court's] responsibility to maintain the integrity of its bar – a step it obviously felt justified in view of the paradoxical result it believed [the Seventh

The above cases are consistent with the rule that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another," and therefore "lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).

In the present case, the district court's local rule governing attorney disciplinary proceedings in that court explicitly limits the types of "[d]iscipline or [o]ther [r]elief" that may be ordered by that court's Committee on Grievances. S.D.N.Y. Local Civil Rule 1.5(c). The Committee may impose "a letter of reprimand or admonition, censure, suspension, ... an order striking the name of the attorney from the roll of attorneys admitted to the bar of th[e] court[,] ... or an order precluding [a nonadmitted] attorney from again appearing at the bar of th[e] court." *Id.*, Local Civil Rule 1.5(c)(1)-(3).[3] Such relief is intended to vindicate the interests

Circuit's] interpretation of its existing rules compelled." *Id.* at 350-51. The Seventh Circuit found that its prior decision in *Teitelbaum* did not require a different result, since the United State Attorney had not received leave to appeal on behalf of the district court in that earlier case. *Id.* at 350. We express no opinion as to the standing determination reached by the Seventh Circuit in *Echeles*, since, in the present case, the district court did not request or authorize the Appellant to commence the present appeal/mandamus proceeding.

[3] The "other relief" noted in the title of Local Civil Rule 1.5(c) consists of a nondisciplinary suspension which the Committee on Grievances may impose, under Local Civil Rule 1.5(c)(3), after determining that a "member of the bar of

5

of the public, the bar, and the district court.

In light of the limited measures permitted by Local Civil Rule 1.5(c), there is nothing about the Committee's January 27, 2010 decision that directly affects any cognizable interest of the Appellant. While the Appellant has an interest in the Committee's disciplining of attorneys who engage in misconduct, that interest results only from the Appellant's status as a member of the public at large. Thus, the Appellant lacks standing to bring this appeal or to pursue mandamus relief. *See Aurelius Capital Partners, LP v. Republic of Argentina*, 584 F.3d 120, 127 (2d Cir. 2009)(noting that a nonparty has standing to appeal from a district court judgment when he or she "has an interest that is affected by the trial court's judgment" (internal quotation marks and citation omitted)); *cf. Lujan v. Defenders of Wildlife*, 504 U.S. 555, 573-74 (1992) ("We have consistently held that a plaintiff raising only a generally available grievance ... , and seeking relief that no more directly and tangibly benefits him than it does the public at large[,] ... does not state an Article III case or controversy.").[4]

---

th[e] court has an infirmity which prevents the attorney from engaging in the practice of law," Local Civil Rule 1.5(b)(4).

[4] In contrast to the district court's disciplinary rule, New York State law permits, under limited circumstances, the appellate divisions to order restitution in conjunction with the censure, suspension or disbarment of an attorney in a disciplinary proceeding. *See* New York Judiciary Law § 90(6-a)(a)("Where the appellate division ... orders the censure, suspension from practice or removal from office of an attorney ... following disciplinary proceedings at which it found ...

To the extent that the Appellant requests that this Court itself investigate or discipline either of the attorneys at issue, his request is denied, because the alleged misconduct relates primarily or exclusively to district court proceedings.

Consequently, the present proceeding is dismissed in its entirety. The Appellant's motions for *in forma pauperis* status and other relief are denied as moot.

---

that such attorney ... wilfully misappropriated or misapplied money or property in the practice of law, its order may require him or her to make monetary restitution in accordance with this subdivision."). However, at least one appellate division has found that a complainant did not have standing to challenge a departmental disciplinary committee's determination not to institute proceedings against the complainant's former attorney. *See Morrow v. Cahill*, 278 A.D.2d 123, 123, 718 N.Y.S.2d 315, 316 (1st Dep't 2000) ("Petitioner, who is not the licensee, does not have standing since there is no direct and harmful effect on him").