NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0782n.06

No. 12-4295

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Aug 23, 2013
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| DAVID MURRAY, | ) |
| | ) |
| Plaintiff – Appellant, | ) |
| v. | ) ON APPEAL FROM THE UNITED |
| | ) STATES DISTRICT COURT FOR THE |
| CITY OF COLUMBUS, OHIO, et al., | ) SOUTHERN DISTRICT OF OHIO |
| | ) |
| Defendants – Appellees. | ) |
| | ) |
| | ) |

Before:  GIBBONS, WHITE, Circuit Judges; GREER, District Judge[*]

**JULIA SMITH GIBBONS, Circuit Judge.**  David Murray appeals the district court's

failure to impose sanctions on the defendants and its failure to order an investigation of defendants'

counsel under the Southern District of Ohio's Model Rules of Disciplinary Enforcement.  For the

reasons stated below, we affirm the district court's refusal to impose sanctions on the defendants and

dismiss Murray's challenge to the district court's failure to order an investigation of defendants'

counsel.

I.

The following facts are taken from the complaint.  Murray was a police lieutenant for the City

of Columbus.  In September 2007, Mitchell Brown, Columbus's Director of Public Safety, filed a

---

[*]The Honorable J. Ronnie Greer, United States District Judge for the Eastern District of
Tennessee, sitting by designation.

-1-

complaint with Murray's supervisor alleging that Murray improperly disclosed information from the Internal Affairs Bureau to the news media. The Collective Bargaining Agreement ("CBA") between the City and the Fraternal Order of the Police ("FOP") provides a 90-day time limit on investigating a complaint. Brown ordered the investigation to continue past the 90-day time limit, and Murray alleges that this violated his due process rights. After the investigation, Brown held a pre-termination hearing for Murray. Brown terminated Murray on September 4, 2008, and Murray filed a grievance under the CBA.

On September 3, 2010, Murray filed this suit under 42 U.S.C. § 1983, naming the City and Brown as defendants. He alleged that the pre- and post-termination procedures violated his procedural and substantive due process rights protected by the Fourteenth Amendment. Instead of answering the complaint, the defendants filed a motion to dismiss. The magistrate judge issued a preliminary pretrial order, stating that the parties appeared before him on May 20, 2011 and that Murray complained that the City had not agreed to a date to arbitrate his grievance under the CBA. The magistrate judge noted that counsel for the City said that it did, in fact, want to arbitrate.[1] The magistrate judge expressed his concern that this federal suit was a waste of time and money because an arbitration of the underlying grievance might resolve the issues. Accordingly, he ordered the parties to contact the arbitrator and agree to a date for arbitration. If the parties failed to do so, the magistrate judge ordered the parties to appear before him on June 23, 2011, along with counsel for the FOP and the arbitrator, David Stanton. The parties failed to agree to an arbitration date and

---

[1]The FOP has the discretion to determine whether a grievance proceeds to arbitration.

appeared before the magistrate judge on June 23. In the scheduling conference order issued on June

24, the magistrate judge wrote:

> Mr. Stanton said that he was assigned to the case in December 2009. Since then he had offered the parties 24-25 dates for arbitration, but none had been held.
>
> Counsel for the City of Columbus and the F.O.P. said that a settlement in principle regarding the grievance was reached in July 2010. Although the settlement has not been executed, they said that the settlement language has been finalized and the agreement should be executed on or before July 15, 2011. Lt. Murray said that neither he nor his attorney has ever been provided a copy of the settlement agreement.

The magistrate judge gave Murray until July 29, 2011, to file a motion to amend the pleadings and

add parties to account for receipt of the settlement agreement. On July 28, 2011, the magistrate

judge issued an amended scheduling order after holding a telephonic scheduling conference with the

parties. The order stated that the City and the FOP had not signed the settlement agreement, but that

the City believed it would be signed the next week or two.

Murray filed a motion for sanctions on September 28, 2011, complaining that the City failed

to produce the signed settlement agreement. The next day, the parties participated in another

scheduling conference with the magistrate judge. Counsel for the City said that it had just received

the settlement agreement signed by the FOP, and during the conference Murray received the

agreement via email. Pursuant to the settlement agreement, Murray resigned in good standing

effective October 3, 2011.

On December 20, 2011, Murray filed an amended motion for sanctions and an amended

complaint. Murray added the FOP and its president, James Gilbert, as defendants. Murray's

amended complaint adds two allegations to his original complaint: (1) that the City and the FOP

falsely stated that a settlement had been reached in July 2010; and (2) that they did so to avoid arbitrating the dispute. The amended complaint adds claims that the FOP and Gilbert violated Murray's procedural and substantive due process rights, that all of the defendants committed fraud and civil conspiracy, and that the City and the FOP breached its contract with Murray.

In his amended motion for sanctions, Murray argued that the City and the FOP committed fraud on the court by falsely stating that a settlement had been reached in July 2010. Murray sought judgment against the City, monetary sanctions, attorney's fees, and an order prohibiting introduction of the settlement agreement. Murray asked the court to issue these sanctions under its inherent power and Federal Rule of Civil Procedure 37, which authorizes district courts to issue sanctions for failure to obey discovery orders.

Before the court ruled on Murray's amended motion for sanctions, the defendants filed motions to dismiss. In response, Murray filed a document that purports to be a response to the motions to dismiss and a motion for summary judgment.[2] Murray attached an affidavit by Larry Champlin, a former Lieutenant of Police for the City of Columbus. Champlin stated that he was provided with a Bi-Weekly Grievance/Discipline Report ("Grievance Report"), which is a chronological record of grievances between the City and the FOP. The grievance report for December 31, 2010, was attached, and it chronicled the progress of Murray's grievance. This report indicates that Murray's grievance was not settled in July 2010.

___

[2]In a scheduling conference order, the magistrate judge denied Murray's summary judgment motion as moot because the parties agreed that it presented the same issues that would be raised in Murray's motion to reconsider the denial of his motion for sanctions.

The magistrate judge denied Murray's amended motion for sanctions. He found that Rule 37 did not apply because the defendants had not disobeyed a discovery order. However, the magistrate judge recognized the court's inherent power to impose sanctions. The magistrate judge considered the Grievance Report in his analysis and noted that it "indicates that no settlement had been reached and that as of December 2010, the grievance was proceeding to arbitration." In denying Murray's amended motion for sanctions, the magistrate judge wrote:

> Defendants have provided no explanation for counsels' apparent lack of knowledge that a settlement had been reached. Despite the lack of any explanation on the part of defendants, plaintiff has not provide[d] sufficient evidence to demonstrate that a fraud on the Court has been committed. My efforts were directed toward settlement of this federal lawsuit to avoid further expenditures of time and money on it. I thought that could be accomplished by focusing on the resolution of Lt. Murray's grievance. While I do not understand why defendants' counsel was unaware of the settlement of the grievance until after the preliminary pretrial conference, her lack of knowledge is not a ground for sanctions. Plaintiff did ultimately receive the information he needed. The delay in getting the information did not interfere with his ability to prosecute this federal lawsuit. As a result, I conclude that sanctions are not warranted under the Court's inherent powers.

However, the magistrate judge permitted Murray to conduct discovery to determine whether an agreement had been reached in July 2010.

Murray filed a motion for reconsideration, which the district court denied. The district court explained:

> The Magistrate Judge properly concluded that sanctions were not warranted under the Court's inherent powers. In order for the Court to sanction defendants under its inherent power, the sanctionable conduct must be proven by clear and convincing evidence and the district court must make a specific finding of bad faith.

Soon thereafter, the district court granted the defendants' motions to dismiss.

*Murray v. City of Columbus, Ohio, et al.*, No. 12-4295

Murray timely appealed. In his notice of appeal, he designated his intent to appeal the district court's opinion and order dismissing this case. On appeal, however, Murray does not challenge the district court's dismissal of this case; rather, he argues that the court abused its discretion by failing to impose sanctions on the defendants and to order an investigation of defendants' counsel.

II.

As a threshold matter, we address the City and Brown's argument that this court does not have jurisdiction because Murray's notice of appeal designated the district court's opinion and order dismissing the case, rather than the magistrate judge's order denying Murray's motion for sanctions or the district court's order denying the motion for reconsideration. Federal Rule of Appellate Procedure 3(c)(1)(B) states that the notice of appeal must "designate the judgment, order, or part thereof being appealed." Although this court must liberally construe the requirements of Rule 3, the rule's requirements "are jurisdictional in nature, and their satisfaction is a prerequisite to appellate review." *Smith v. Barry*, 502 U.S. 244, 248 (1992).

The City and Brown's argument that we lack jurisdiction is not well-taken because it ignores this court's "rule [] that we will entertain arguments on all objections and asserted errors prior to the final disposition of a case if a party indicates in its notice of appeal that it appeals either the final judgment or the final order in the case." *Caudill v. Hollan*, 431 F.3d 900, 906 (6th Cir. 2005); *see also Smith v. ABN AMRO Motrg. Grp., Inc.*, 434 F. App'x 454, 464 65 (6th Cir. 2011). Because Murray designated the final order in his notice of appeal, we have jurisdiction to hear his challenge to all asserted errors made prior to dismissal of this case, including the denial of Murray's motion for sanctions.

*Murray v. City of Columbus, Ohio, et al.*, No. 12-4295

The defendants' reliance on the unpublished opinions *Braithwaite v. Department of Homeland Security*, 473 F. App'x 405, 415 16 (6th Cir. 2012), and *Martin v. General Electric Co.*, 187 F. App'x 553, 557 (6th Cir. 2006), is misplaced. In *Braithwaite* and *Martin*, the district court imposed sanctions on the plaintiffs *after* granting summary judgment to the defendants, and the plaintiffs failed to designate the sanctions orders in their notices of appeal. 473 F. App'x at 409 10, 415; 187 F. App'x at 556 57. By contrast, in this case, the orders denying sanctions were entered prior to dismissal of the case, and therefore, pursuant to *Caudill*, this court has jurisdiction over Murray's appeal insofar as he challenges the denial of his motion for sanctions.

III.

A.

Turning to the merits of Murray's appeal, we note that pursuant to Federal Rule of Civil Procedure 72(a), the district court had authority to modify or set aside the magistrate judge's order denying Murray's motion for sanctions to the extent that it was clearly erroneous or contrary to law. *See* Fed. R. Civ. P. 72(a). We then review the district court's decision whether to impose sanctions under its inherent power for abuse of discretion. *Jones v. Ill. Cent. R.R. Co.*, 617 F.3d 843, 850 (6th Cir. 2010). "'A court abuses its discretion when it commits a clear error of judgment, such as applying the incorrect legal standard, misapplying the correct legal standard, or relying upon clearly erroneous findings of fact.'" *Id.* (quoting *In re Ferro Corp. Derivative Litig.*, 511 F.3d 611, 623 (6th Cir. 2008)).

B.

District courts are vested with the power to "'manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 31 (1962)). To achieve this goal, they have the inherent power "to fashion an appropriate sanction for conduct [that] abuses the judicial process." *Id.* at 44 45. This power must be exercised with restraint and discretion. *Id.* at 44; *Stalley v. Methodist Healthcare*, 517 F.3d 911, 920 (6th Cir. 2008). Depending on the circumstances, an appropriate sanction might be dismissal of the suit or imposition of attorney's fees. *Chambers*, 501 U.S. at 45. A court may assess attorney's fees when a party has "'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Id.* at 45 46 (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258 59 (1975)). This includes situations where "fraud has been practiced upon [the court]" and where a party "shows bad faith by delaying or disrupting the litigation." *Id.* at 46 (internal quotation marks and citations omitted). "The exercise of inherent authority is particularly appropriate for impermissible conduct that adversely impacts the entire litigation." *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 516 (6th Cir. 2002).

Murray argues that the district court abused its discretion by failing to impose sanctions on the defendants because the evidence demonstrates that the defendants committed fraud on the court. Specifically, Murray argues that the Grievance Report conclusively shows that a settlement agreement had not been reached in July 2010. Murray also points to the following facts to support his argument: (1) the City and Brown never mentioned the settlement agreement in their motion to

dismiss, reply to their motion to dismiss, or at the initial scheduling conference; (2) the arbitrator continued to offer the parties dates to arbitrate the grievance up until the June 23, 2011 conference; (3) although the City and the FOP represented on June 23, 2011, that they had reached a settlement agreement and that it should be signed on or by July 15, 2011, Murray did not receive a copy of the agreement until September 29, 2011; (4) the City's counsel, Susan Thompson, has been assigned to Murray's grievance since 2008, so she knew that no settlement had been reached in July 2010; (5) Brooke Carnevale, the City's Public Safety Human Resources Officer, was at the June 23, 2011 conference, and she authored the Grievance Report, which shows that a settlement agreement did not exist in July 2010. With respect to the FOP, Murray notes that Grant Shoub appeared on behalf of the FOP for the first time at the June 23, 2011 conference. Previously, Robert Sauter had represented the FOP in this dispute. Murray seems to suggest that Shoub either falsely represented that a settlement had been reached in July 2010 or was willfully blind to the truth. Murray argues that Shoub had a duty to confer with Sauter and learn the status of Murray's grievance, which would have revealed that the parties had not reached a settlement.

To be sure, the defendants' behavior in this case is odd, and on appeal, they did not offer any explanation for it. The magistrate judge acknowledged this much, stating that the "[d]efendants have provided no explanation for counsels' apparent lack of knowledge that a settlement had been reached." Nevertheless, the district court should exercise its inherent power to impose sanctions with restraint and discretion. *Chambers*, 501 U.S. at 44. We then review its decision for abuse of discretion. *Jones*, 617 F.3d at 850. Neither the magistrate judge nor the district judge made a finding that the defendants acted in bad faith or vexatiously. The district court should have set aside

the magistrate judge's refusal to accept Murray's assertion that the defendants lied only if that conclusion was clearly erroneous. Fed. R. Civ. P. 72(a). The magistrate judge was present at the conference where the alleged misrepresentation was made and observed the demeanor of the counsel and parties. Because there is no transcript of this conference in the record, the magistrate judge was better situated to analyze the defendants' comments in context. He met with the parties on other occasions and resolved numerous disputes between them. The magistrate judge's failure to find that the defendants made an intentional misrepresentation was not clearly erroneous, and the district court did not abuse its discretion by refusing to set aside the magistrate judge's order.

Even if the district court should have found that the defendants lied at the June 23, 2011 conference, it does not follow that the court necessarily abused its discretion in failing to impose sanctions. Because the court's inherent power to impose sanctions is discretionary, the court is not required to sanction a party or attorney even if it has determined that some wrongdoing has occurred. *See Chambers*, 501 U.S. at 44 45. In this case, the misrepresentation that Murray alleges is sanctionable was not in response to an order by the court, issued in a written pleading submitted to the court, or made under oath. As the magistrate judge noted, the defendants' statement did not interfere with Murray's ability to prosecute this suit. Although the defendants did not provide the settlement agreement in the time frame they initially said that they would, Murray did not complain about this delay as the basis for his motion for sanctions. Ultimately, the City and the FOP signed a settlement agreement, which was honored by Murray when he resigned effectively October 3, 2011. The date upon which this settlement was initially agreed to had no bearing on the merits of

the defendants' motion to dismiss.  Accordingly, we hold that the district court did not abuse its

discretion by failing to impose sanctions on the defendants.

IV.

Finally, Murray argues that the district court erred when it failed to investigate the

defendants' counsel for misconduct.  Rule V(A) of the Southern District of Ohio's Model Rules of

Disciplinary Enforcement provides that:

> When misconduct or allegations of misconduct which, if substantiated, would
> warrant discipline on the part of an attorney admitted to practice before this Court
> shall come to the attention of a Judge of this Court, whether by complaint or
> otherwise, and the applicable procedure is not otherwise mandated by these Rules,
> the Judge shall refer the matter to counsel for investigation and the prosecution of a
> formal disciplinary proceeding or the formulation of such other recommendation as
> may be appropriate.

S. D. Ohio Model Fed. R. of Disciplinary Enforcement V.A.  For two reasons, Murray is not entitled

to have the district court order an investigation.  First, Murray did not ask the district court to order

an investigation under this rule, and therefore, he has waived this argument on appeal.  *See Marcilis

v. Twp. of Redford*, 693 F.3d 589, 601 (6th Cir. 2012).  Second, Murray lacks standing to challenge

the district court's failure to order an investigation.  *See In re Attorney Disciplinary Appeal*, 650

F.3d 202, 203 (2d Cir. 2011) (per curiam) (collecting case-law); *Starr v. Mandanici*, 152 F.3d 741,

751 (8th Cir. 1998) (Beam, J., concurring); *In re Cont'l Steel Corp.*, 966 F.2d 1456, 1992 WL

133897, at *2  3 (7th Cir. June 17, 1992) (unpublished).  In *In re Continental Steel Corp.*, the

Seventh Circuit explained that the court's power to discipline an attorney comes from its inherent

authority to oversee the conduct of its officers and maintain the integrity of the court.  1992 WL

133897 at *2.  Even if the person complaining of an attorney's conduct is a party to the case, "the

*Murray v. City of Columbus, Ohio, et al.*, No. 12-4295

role of a party or counsel ends after a report has been submitted to the court." *Id.* The court explained that the existence of local rules providing for disciplinary proceedings does not change the principles of standing. *Id.* at *3. These rules do not create a "cause of action but simply guide the court in the exercise of its inherent right to oversee the integrity of the court by disciplining the bar." *Id.* Even if Murray had not waived this argument, he lacks standing, and therefore, we dismiss his challenge on appeal.

V.

For the foregoing reasons, we affirm the denial of Murray's motion for sanctions and dismiss his challenge to the district court's failure to order an investigation under the Southern District of Ohio's Model Rules of Disciplinary Enforcement.