Roemer v. Booth

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>CORRECTED SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of January, two thousand eighteen.

PRESENT:
>ROBERT A. KATZMANN,
>>*Chief Judge,*
>AMALYA L. KEARSE,
>ROSEMARY S. POOLER,
>>*Circuit Judges.*

_____

David K. Roemer,

>*Plaintiff-Appellant*,

>v.                                                                           17-818

Jane E. Booth, Lee Bollinger, President, Columbia University,

>*Defendants-Appellees*,

Attorney Grievance Committee,

>*Defendant*.

_____

FOR PLAINTIFF-APPELLANT:          DAVID K. ROEMER, *pro se*, Brooklyn, NY.

FOR DEFENDANTS-APPELLEES:          Andrew W. Schilling, Caroline K. Eisner, Buckley Sandler LLP, New York, NY.

Appeal from orders of the United States District Court for the Southern District of New York (Castel, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the orders of the district court are **AFFIRMED**.

Appellant David Roemer, proceeding *pro se*, sued the New York Attorney Grievance Committee ("State Committee") as well as Columbia University's general counsel, Jane Booth, and president, Lee Bollinger, under 42 U.S.C. § 1983, claiming violations of the First and Fourteenth Amendments. Roemer is a retired high school science teacher who has repeatedly offered to give a lecture on the cosmological argument for God's existence at Columbia University ("Columbia"), offers that Columbia repeatedly declined. In October 2016, Booth wrote to Roemer advising him that continued efforts to contact members of the Columbia community could be considered harassment. Roemer responded by filing an ethics complaint against Booth with the State Committee, which was dismissed. Before the district court, Roemer sought injunctive relief against the defendants for depriving him of the right to free speech and violating the Establishment Clause. The district court *sua sponte* dismissed the complaint as frivolous. Roemer subsequently moved for the district court judge to recuse himself and for default judgment against Bollinger. The district court denied the recusal motion, and this appeal followed. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

As an initial matter, Appellees Booth and Bollinger argue that we lack jurisdiction to review the underlying dismissal of Roemer's complaint because his notice of appeal designated only the district court's order denying recusal. We "construe notices of appeal liberally, taking the parties' intentions into account." *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 256 (2d Cir.

1995).  Consistent with this principle, a brief may serve as a notice of appeal required by Federal Rule of Appellate Procedure 3 when it is filed within the time specified by Rule 4, *Smith v. Barry*, 502 U.S. 244, 248–49 (1992), and parties may file "an amended notice of appeal within the time limits set forth by Rule 4," *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 62 (2d Cir. 2010).  Here, Roemer's brief—which was filed a mere five days after his notice of appeal and within the time specified by Rule 4—operates as an amended notice of appeal.  Therefore, the issues identified therein are properly before this Court.  This conclusion is consistent with the purpose of Rule 3's requirement, which is "to ensure that the filing provides sufficient notice to other parties and the courts."  *Smith*, 502 U.S. at 248.

On appeal, however, we agree with the district court that Roemer's complaint was frivolous.  Roemer provides no legal argument but only cursorily states that he is "certain" that he is "right" and that the district court wrongly concluded that he had no cause of action, Appellant Br. at 12, and has therefore arguably abandoned his claims.  *See Tolbert v. Queens Coll.*, 242 F.3d 58, 75 (2d Cir. 2001).  In any event, his claims are meritless. Neither Columbia employee is a state actor. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999) (explaining that an action brought under § 1983 must be based on an alleged deprivation by an individual acting under color of state law). And Roemer lacks standing to challenge the State Committee's decision not to discipline Booth. *See In re Attorney Disciplinary Appeal*, 650 F.3d 202, 203–05 (2d Cir. 2011) (per curiam).

Roemer also challenges the district court's denial of his recusal motion, a decision we review for abuse of discretion.  *United States v. Morrison*, 153 F.3d 34, 48 (2d Cir. 1998).  A

3

judge should recuse when "a reasonable person, knowing all the facts, would question the judge's impartiality." *United States v. Yousef*, 327 F.3d 56, 169 (2d Cir. 2003) (internal quotation marks omitted); *see also* 28 U.S.C. § 455(a). Roemer hypothesizes that the district court's passing reference to his religious and philosophical beliefs demonstrates bias by the court. However, the district court merely stated that, in finding Roemer's legal theories meritless, it "expresse[d] no views on Mr. Roemer's religious and philosophical beliefs." App. at 18. This statement would not lead an "objective, disinterested observer" to question whether the district court judge was biased against Roemer, *Yousef*, 327 F.3d at 169, and the dismissal order itself is insufficient to demonstrate bias, *see Chen v. Chen Qualified Settlement Fund*, 552 F.3d 218, 227 (2d Cir. 2009) (per curiam) (observing that "adverse rulings, without more, will rarely suffice to provide a reasonable basis for questioning a judge's impartiality"). Accordingly, we see no abuse of discretion.

Roemer also argues that he was entitled to default judgment against Bollinger. We disagree. Although the district court did not explicitly rule on Roemer's motion for default judgment, any error was harmless: the district court had already *sua sponte* dismissed Roemer's complaint, therefore there was no basis for entry of default judgment. *See* Fed. R. Civ. P. 61 ("At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights."). And Roemer's conjecture that Bollinger may have "decided to let the court issue whatever injunction it deemed just" finds no support in the record. Appellant Br. at 10.

We have considered Roemer's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the district court's orders.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court