Rogers v. Borkowsky

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of March, two thousand nineteen.

PRESENT:
> ROBERT D. SACK,
> REENA RAGGI,
> SUSAN L. CARNEY,
> *Circuit Judges.*

─────────────────────────────────

Patricia Rogers,

> *Plaintiff-Appellant*,

v.                                                                          18-2447

Mitchell T. Borkowsky, Carolyn Mazzu Genovesi,

> *Defendants-Appellees*.

─────────────────────────────────


FOR PLAINTIFF-APPELLANT:                Patricia Rogers, pro se, Reading, PA.

FOR DEFENDANTS-APPELLEES:            Andrew W. Amend, David Lawrence III, Assistant Solicitors General, *for* Letitia A. James, Attorney General of the State of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Matsumoto, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court entered on August 1, 2018, is **AFFIRMED**.

Appellant Patricia Rogers, proceeding pro se, sued the chief and assistant counsel to the New York State Grievance Committee for the Tenth Judicial District ("Grievance Committee") for wrongs under the Federal Tort Claims Act and for violations of her constitutional rights. She alleged that the Grievance Committee wrongfully declined to investigate a grievance that she filed against her former attorney. The District Court dismissed the complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of standing. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, to which we refer only as needed to explain our decision to affirm.

On *de novo* review of the District Court's dismissal, *Rajamin v. Deutsche Bank Nat'l Trust Co.*, 757 F.3d 79, 84–85 (2d Cir. 2014), we identify no error. To have standing, a plaintiff must show that (1) she has an injury in fact, (2) there is a causal connection between the injury and conduct of which she complains, and (3) "it [is] 'likely,' as opposed to merely 'speculative,' that [her] injury will be 'redressed by a favorable decision.'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992) (citation omitted). Injury in fact consists of "an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016) (citation omitted). The requirement sets "a

low threshold, . . . which helps to ensure that the plaintiff has a personal stake in the outcome of the controversy." *John v. Whole Foods Mkt. Grp., Inc.*, 858 F.3d 732, 736 (2d Cir. 2017).

We have consistently held that "a private citizen generally lacks standing 'to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution.'" *United States v. Grundhoefer*, 916 F.2d 788, 792 (2d Cir. 1990) (quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)). This principle precludes an individual from challenging an attorney disciplinary committee's decision not to discipline his or her former attorney. *In re Attorney Disciplinary Appeal*, 650 F.3d 202, 204 (2d Cir. 2011). Just as crime victims "have not suffered an Article III *direct* injury" from a prosecutor's decision not to pursue criminal charges against their assailants, *Grundhoefer*, 916 F.2d at 791 (emphasis added), a person who files a grievance with an attorney disciplinary committee suffers no direct injury from that committee's decision not to pursue discipline. *In re Attorney Disciplinary Appeal*, 650 F.3d at 204; *see also Doyle v. Okla. Bar Ass'n*, 998 F.2d 1559, 1566–67 (10th Cir. 1993) (affirming dismissal for lack of standing because grievant could not assert any cognizable legal interest in disciplinary commission's decision).

Rogers alleged that the Grievance Committee violated her constitutional rights by declining to investigate her grievance against her former attorney. But under the precedent cited above, she has not alleged an interest in the Grievance Committee's proceedings sufficient to satisfy Article III standing. *See In re Attorney Disciplinary Appeal*, 650 F.3d at 204; *Doyle*, 998 F.2d at 1566–67.

We have reviewed Rogers's remaining arguments and conclude that they have no merit.

For the foregoing reasons, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court