**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3479
_____

JASON COLLURA,
                                                 Appellant
v.

CITY OF PHILADELPHIA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 08-cv-03880)
District Judge: Honorable Mary A. McLaughlin
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 6, 2011

Before:  BARRY, JORDAN and GARTH, Circuit Judges

(Opinion filed: April 6, 2011)
_____

OPINION
_____

PER CURIAM

        Jason Collura appeals from a judgment entered in favor of the City of Philadelphia

(the City) following a non-jury civil trial in the United States District Court for the

Eastern District of Pennsylvania.  For the reasons that follow, the judgment will be

affirmed.

I.

Collura first filed suit, under 42 U.S.C. § 1983, against the City in February 2008 (Civil Action 08-746), claiming that the Free Library of Philadelphia's Independence Branch maintained an unconstitutional policy of reserving certain tables at certain times for library patrons of East Asian ancestry. "Mr. Collura and the City ultimately agreed to a dismissal of the lawsuit in return for the entry of a consent order that the Free Library of Philadelphia may not prohibit any individual, at any time, from sitting at or utilizing any table or seating arrangement because of that individual's race or ethnicity." DC Mem. Op., dkt #42, pg. 1 n.1.[1] After Collura initiated Civil Action 08-746, Jennifer Chang, the manager of Independence Branch, learned that Collura had a prior criminal conviction for terroristic threats. On April 10, 2008, Chang drafted an internal memo stating that Collura should no longer be allowed access to Independence Branch.

In the morning hours of April 25, 2008, Collura bumped into Corey Dorsey, the municipal security guard at Independence Branch, on his way into the library. "Mr. Dorsey was aware of Mr. Collura's lawsuit and M[s]. Chang's April 10 memo before this incident." Id. at pg. 4. The bumping incident was reported to the police, and later that day Collura's visiting privileges at Independence Branch were officially suspended for six

---

[1] Because a complete appendix was not prepared in this case, we will specifically refer to documents in the District Court record as needed.

months. The reasons given in the suspension notice were as follows: (1) "Staring at patrons using a computer"; (2) "Staring at staff"; and (3) "Pushing and striking the Municipal Guard upon entering the library." Pl.'s Comp., dkt #3, Ex. A.

In August 2008, Collura again sued the City under § 1983, alleging that his expulsion from the Independence Branch was effectuated in retaliation for his filing and prosecution of Civil Action 08-746—activity protected by the First Amendment. Collura requested declaratory and injunctive relief, as well as a public apology. The City filed its answer, and the parties engaged in discovery and unsuccessful settlement negotiations. Judge McLaughlin conducted a bench trial on September 10, 2009, after which supplemental briefing was ordered on the issue of municipal liability.

By order entered August 9, 2010, the District Court directed that judgment be entered in favor of the City of Philadelphia, despite "serious concerns that the library employees took action against the plaintiff at least in part because of [Civil Action 08-746]." DC Mem. Op., dkt #42, pg. 7. In reaching its verdict, the District Court specifically ruled that a § 1983 claimant seeking only prospective, non-monetary relief against a municipal entity is subject to the requirements of Monell v. Dep't of Social Servs. New York City, 436 U.S. 658 (1978); in other words, such a claimant must show that his alleged constitutional injury "was the result of municipal custom, policy, or practice." Fitzgerald v. Barnstable School Comm., 555 U.S. 246, --- , 129 S. Ct. 788, 797 (2009). The District Court ruled that Collura had not shown by a preponderance of the

3

evidence that the Independence Branch employees' conduct, "whether retaliatory or not, was pursuant to a custom or practice of the City." DC Mem. Op., dkt #42, pg. 7. Collura timely appealed.

## II.

We have jurisdiction under 28 U.S.C. § 1291. "To the extent that the issues on appeal involve questions of law, we exercise *de novo* review. To the extent that the District Court made findings of fact, we review them for clear error." Bear Mountain Orchards, Inc. v. Mich-Kim, Inc., 623 F.3d 163, 169 (3d Cir. 2010) (internal citation omitted).

## III.

The parties disagree whether the District Court erred in applying Monell to Collura's suit for prospective, non-monetary relief. We have not squarely addressed this issue in a precedential opinion, but the Supreme Court has now spoken definitively and unanimously: "We conclude that Monell's holding applies to § 1983 claims against municipalities for prospective relief as well as to claims for damages." Los Angeles County, Cal. v. Humphries, --- U.S. ---, 131 S. Ct. 447, 451 (2010).[2] This was hardly groundbreaking news, for "as Monell explicitly stated, '[l]ocal governing bodies . . . can be sued directly under §1983 for monetary, *declaratory, or injunctive relief* where . . . the action that is alleged to be unconstitutional implements or executes' a policy or custom."

Id. at 452 (quoting Monell, 436 U.S. at 690) (emphasis in original).

Given that Monell is applicable, we perceive no legal error in the District Court's conclusion that Collura failed to produce any evidence, let alone a preponderance of evidence, showing that his visiting privileges at Independence Branch were suspended pursuant to a City or Free Library policy or custom of doing so when a patron threatens or initiates civil litigation. See Andrews v. City of Philadelphia, 895 F.2d 1469, 1480 (3d Cir. 1990) (explaining that a government 'policy' can be established "when a 'decisionmaker possess[ing] final authority to establish municipal policy with respect to the action' issues an official proclamation, policy, or edict," and that "[a] course of conduct is considered to be a 'custom' when, though not authorized by law, 'such practices of state officials [are] so permanent and well settled' as to virtually constitute law." ) (internal citations omitted). In particular, there was no evidence showing that Chang was a "policymaker" under Pennsylvania law. Id. at 1481.

Accordingly, the judgment of the District Court will be affirmed. Collura's motion to exceed Fed. R. App. P. 32(a)(7)(B)(ii)'s type-volume limitation is granted.[3]

---

[2] This appeal was stayed on October 29, 2010, pending the ruling in Humphries.

[3] Collura attempts to raise a host of claims in his brief—including claims under 42 U.S.C. § 1985(3), 42 U.S.C. § 2000a, and the Fourteenth Amendment's Due Process Clause—that were merely mentioned in passing in the complaint and were not argued before the District Court at trial. It is well established that, absent compelling or exceptional circumstances, this Court generally refuses to consider an argument or issue that a party has failed to raise in the District Court. See Gucci Am., Inc. v. Daffy's, Inc., 354 F.3d 228, 233 n.3 (3d Cir. 2003). We follow that practice here.