13-714(L)
SBC 2010-1, LLC v. Morton

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of December, two thousand thirteen.

PRESENT:
> ROBERT D. SACK,
> GERARD E. LYNCH,
> RAYMOND J. LOHIER, JR.,
> > *Circuit Judges.*

_____

SBC 2010-1, LLC,

> *Plaintiff-Appellee*,

> v.                                        13-714 (L)
>                                           13-1161 (Con)

Allen Morton, Patsy Morton,
> *Defendants-Appellants*.[*]

_____

**FOR PLAINTIFF-APPELLEE:**        Kenneth S. Yudell, Aronauer, Re & Yudell, LLP, New York, New York.

**FOR DEFENDANTS-APPELLANTS:**        Allen Morton, Patsy Morton, *pro se*, Mount Kisco, New York.

_____

[*] The Clerk of Court is respectfully directed to amend the caption to conform to that above.

Appeal from orders of the United States District Court for the Southern District of New York (Vincent L. Briccetti, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the orders are **AFFIRMED**.

This case arises out of a commercial foreclosure action brought by SBC 2010-1, LLC's predecessor-in-interest, U.S. Bank, N.A., against Squadron VCD, LLC and its members, Patsy and Allen Morton.  The district court granted summary judgment against Squadron and the Mortons, and we affirmed.  United States Bank, N.A. v. Squadron VCD, LLC, 504 F. App'x. 30 (2d Cir. 2012).  The Mortons, *pro se*, now appeal from two post-judgment orders.  The first order denied their second motion for reconsideration.  The second order compelled them to comply with information subpoenas, denied their motion to compel the production of the mortgage note and for sanctions against opposing counsel, imposed monetary sanctions against them, and enjoined them from filing future litigation in the Southern District of New York relating to the case without first seeking permission of the court.  On appeal, the Mortons generally raise the same arguments they raised below.  SBC requests that we sanction the Mortons pursuant to Federal Rule of Appellate Procedure 38.  We assume the parties' familiarity with the underlying facts, the procedural history, and the specification of issues on appeal, to which we refer only as necessary to explain our decision.

We review a district court's denial of a motion for reconsideration for abuse of discretion.  See Devlin v. Transp. Commc'ns Int'l Union, 175 F.3d 121, 131-32 (2d Cir. 1999).  Rule 60(b) is "a mechanism for extraordinary judicial relief invoked only if the moving party demonstrates exceptional circumstances."  Ruotolo v. City of N.Y., 514 F.3d 184, 191 (2d Cir.

2

2008) (internal quotation marks omitted). The standard for granting motions pursuant to Rule 60 is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Thus, such motions "should not be granted where the moving party seeks solely to relitigate an issue already decided." Id. Further, "[a] motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c). A motion under Rule 60(b)(1) must be filed within the time to file an appeal. See In re 310 Assocs., 346 F.3d 31, 35 (2d Cir. 2003). Under Southern District of New York Local Rule 6.3, a motion for reconsideration must be filed within fourteen days of the order at issue. See S.D.N.Y. Local Rule 6.3.

The district court did not abuse its discretion in denying the Mortons' second Rule 60(b) motion. To the extent that the motion was brought under the local rule, it was time-barred, because it was filed more than five months after entry of the order. And to the extent that the motion was brought under Rule 60(b), the district court did not abuse its discretion in concluding that the motion, which was brought nearly six months after the order in question, was not brought within a reasonable time. See Kotlicky v. United States Fid. & Guar. Co., 817 F.2d 6, 8-9 (2d Cir. 1987).

In any event, the district court correctly concluded that the motion was meritless. The Mortons' attempt to challenge the jurisdiction of the district court because U.S. Bank never had proper title to the note and mortgage was an impermissible attempt to relitigate the merits of the

3

underlying judgment, which this court had already affirmed. United States Bank, 504 F. App'x. at 34. The Mortons' complaint that the district court disregarded certain *pro se* submissions is equally meritless; although the district court found that the Mortons were represented by counsel at the time of those submissions, in an abundance of caution, the district court considered every submission the Mortons made. There is thus no basis for the Mortons' claims that they were denied due process.

We review a district court's imposition of sanctions, discovery rulings, and rulings on motions to compel for abuse of discretion. See S. New England Tel. Co. v. Global NAPs Inc., 624 F.3d 123, 143 (2d Cir. 2010) (sanctions); In re Fitch, Inc., 330 F.3d 104, 108 (2d Cir. 2003) (motions to compel); United States v. Int'l Bhd. of Teamsters, 266 F.3d 45, 49 (2d Cir. 2001) (filing injunctions); Goetz v. Crosson, 41 F.3d 800, 805 (2d Cir. 1994) (discovery).

The district court did not abuse its discretion in granting SBC's motion to compel compliance with the information subpoenas. The district court concluded that the subpoenas had been properly issued and validly served, and noted that neither Squadron nor the Mortons had contended otherwise. On appeal, the Mortons similarly do not challenge the validity of the subpoenas, instead arguing only that the court should not have granted SBC's motion to compel while denying their motion. The district court was well within its discretion to deny the motion to compel production of the mortgage note, which was yet another attempt to relitigate the validity of the assignment of the note.

Finally, given the Morton's continued attempts to raise issues previously decided by this Court and the district court, even after the district court's warning that future frivolous litigation might result in sanctions, we cannot conclude that the district court abused its discretion in

4

imposing a $2,000 monetary sanction and a filing injunction. "A district court may, in its discretion, impose sanctions against litigants who abuse the judicial process." Shafii v. British Airways, PLC, 83 F.3d 566, 571 (2d Cir. 1996). Pursuant to that authority a district court may impose filing injunctions "subjecting a vexatious litigant to a 'leave of court' requirement with respect to future filings." In re Martin-Trigona, 9 F.3d 226, 229 (2d Cir. 1993). A litigant must be afforded notice and an opportunity to be heard before such an injunction is imposed. See Moates v. Barkley, 147 F.3d 207, 208 (2d Cir. 1998).

The district court acted well within its discretion in imposing the filing injunction. The record demonstrates that: (1) the district court notified the Mortons of the possible injunction; (2) the Mortons continued to file repetitive motions, raising arguments the district court and this Court had previously rejected; and (3) the filing injunction is narrowly crafted in that it merely requires the Mortons to seek leave of the district court before filing further motions regarding this case.

We have considered the Mortons' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the orders of the district court. We **DENY** SBC's request for sanctions under Federal Rule of Appellate Procedure 38, because the Mortons' appeals, while meritless, do not rise to the level of sanctionable conduct.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
