NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3857
_____

JASON COLLURA,
                                             Appellant

v.

MARK V. MAGUIRE; DONNA M. SNYDER; PAUL BURGOYNE; DISCIPLINARY
BOARD OF THE SUPREME COURT OF PENNSYLVANIA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civil Action No. 11-cv-05637)
District Judge:  Honorable Gene E. K. Pratter
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 18, 2014
Before:  FISHER, VANASKIE and ALDISERT, Circuit Judges

(Opinion filed:  June 19, 2014 )
_____

OPINION
_____

PER CURIAM

        Jason Collura, proceeding pro se, appeals an order of the United States District

Court for the Eastern District of Pennsylvania dismissing his civil rights action.  For the

reasons that follow, we will affirm the judgment of the District Court.

Collura filed a lawsuit against the City of Philadelphia claiming that a branch of the Philadelphia Free Library improperly reserved tables for persons of Chinese or Asian ethnicity. He later filed a second lawsuit claiming that the City retaliated against him for filing his lawsuit by banning him from the library.[1] In his present complaint, amended December 21, 2011, Collura alleges that Mark Maguire, the Assistant City Solicitor who represented the City in both actions, falsely stated at a hearing in the first lawsuit and at the bench trial in the second lawsuit that he had been convicted of harassment. Collura avers that he filed a complaint against Maguire with the Disciplinary Board of the Supreme Court of Pennsylvania for violating the Pennsylvania Rules of Professional Conduct. Donna Snyder, Disciplinary Counsel, informed him by letter that no action would be taken on the complaint. Collura then wrote to Paul Burgoyne, Deputy Chief Disciplinary Counsel, but received no response.

Collura claims that, in making the false statements, Maguire retaliated against him for suing the City in violation of his First Amendment rights. He also claims that Maguire harmed his reputation and violated his rights to due process and equal protection, and that the Disciplinary Board, Snyder, and Burgoyne (the "Disciplinary Board defendants") violated his due process rights in the handling of his complaint. Collura also challenges the constitutionality of, and the Board's application of, certain

---

[1]The parties settled the first lawsuit. The District Court entered judgment for the City in the second lawsuit and we affirmed. Collura v. City of Philadelphia, 421 F. App'x 256, 258 (3d Cir. 2011) (non-precedential).

2

Pennsylvania Rules of Professional Conduct and Rules of Disciplinary Enforcement. Collura seeks damages and declaratory and injunctive relief.

The District Court granted Maguire's motion to dismiss the complaint for failure to state a claim upon which relief may be granted. The District Court also granted the Disciplinary Board defendants' motion to dismiss the complaint for, among other things, lack of standing.[2] This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1291. Our standard of review is de novo. Common Cause of Pennsylvania v. Pennsylvania, 558 F.3d 249, 257 (3d Cir. 2009) (lack of standing); Phillips v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008) (failure to state a claim).

Collura argues on appeal that he stated a claim against Maguire for retaliation. As recognized by the District Court, Collura must allege facts showing that he engaged in constitutionally protected conduct, that Maguire took adverse action against him "sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights," and that there was a causal link between Collura's protected activity and the adverse action. Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003) (citations omitted).

The District Court ruled that, although Collura's lawsuits constituted protected activity, Maguire did not take the requisite adverse action against Collura, and Collura had not adequately pleaded that Maguire's actions were retaliatory. We need not address whether Maguire's statements constituted adverse action for purposes of a retaliation

---

[2]The Disciplinary Board defendants moved in the alternative for summary judgment. The District Court noted that it did not convert the motion to dismiss to a summary judgment motion and that it considered only the amended complaint and matters of public record.

claim because, even if they did, we agree with the District Court that Collura's complaint does not allege facts that would show that there was a causal link between the filing of the lawsuits and Maguire's misstatements.

Collura avers that Maguire falsely stated that he had been convicted of harassment when asking him about his criminal history at two court proceedings. Collura does not dispute that he had the other convictions that Maguire asked him about and states that a harassment charge against him had been dismissed. He also states that he corrected the misstatements when Maguire made them. As noted by the District Court, these facts do not suggest that Maguire's alleged misstatements were made in retaliation for the filing of the lawsuits, but that they were made in the course of defending them.

Collura argues that the temporal proximity between the time he filed his lawsuit against the City and Maguire's false statements, as well as Maguire's antagonism in making the same false statements in his second lawsuit, establish a causal link between Maguire's actions and his protected conduct. In light of the context in which the statements were made, we cannot conclude that their timing is unusually suggestive. See LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n, 503 F.3d 217, 232-33 (3d Cir. 2007) (noting unusually suggestive temporal proximity may create an inference of causality). Similarly, we cannot conclude that the fact that the statements were made at two court proceedings supports an inference of retaliation.

We also agree, for substantially the reasons set forth in the District Court's decision, that Collura failed to state a claim against Maguire for a violation of his constitutional rights based on injury to his reputation or for violations of his rights to

4

equal protection or due process. Collura disputes these rulings in his brief, but he has not addressed the District Court's reasoning or shown any error by the District Court.[3]

Collura also appeals the District Court's dismissal of his claims against Snyder and Burgoyne for lack of standing. Article III standing requires an "injury in fact," or an injury that is "concrete and particularized" and "actual or imminent." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992) (citations omitted). Collura claims that the Disciplinary Board defendants violated his due process rights by failing to adequately address his complaint that Maguire violated the Rules of Professional Conduct.

Collura had no right to have disciplinary action taken against Maguire and he thus suffered no injury as a result of the decision not to pursue his complaint. See Doyle v. Oklahoma Bar Ass'n, 998 F.2d 1559, 1566-67 (10th Cir. 1993) (holding plaintiff lacked standing to challenge under §1983 the disposition of his complaint against an attorney). See also In re Attorney Disc. Appeal, 650 F.3d 202, 203-04 (2d Cir. 2011) (holding complainant lacked standing to appeal a district court's decision not to discipline an

---

[3]Collura also has not shown that the District Court erred in ruling that any claim against the City under Monell v. Dep't of Soc. Serv., 436 U.S. 658 (1978), must be dismissed. In addition to failing to state a constitutional claim against Maguire, Collura does not allege any facts supporting his claim that the City has a custom or practice of having its lawyers falsely claim that plaintiffs who sue the City have been convicted of a crime.

attorney).  To the extent Collura challenges the Rules of Professional Conduct as vague

or overbroad, he lacks standing because he is not a lawyer and the rules do not apply to

him.  See Service Employees Int'l Union v. Municipality of Mt. Lebanon, 446 F.3d 419,

424-25 (3d Cir. 2006) (stating that, absent injury in fact, a party may not challenge a

regulation as overly broad that does not apply to the party); Aiello v. City of Wilmington,

623 F.2d 845, 850 (3d Cir. 1980) (noting that a statute must be vague as applied to a

litigant's own conduct for there to be standing).

Collura also appeals the dismissal of his claim that the confidentiality provisions

of Pennsylvania Rules of Disciplinary Enforcement 209 and 402 preclude him from

disclosing the fact that he filed a complaint against Maguire and violate his First

Amendment right to free speech.  These rules provide that complaints submitted to the

Board or Disciplinary Counsel shall be confidential unless formal charges are filed, Pa.

R. D. E. 209(a), and that, unless the proceedings are open to the public under the rules,

the proceedings shall be kept confidential.  Pa. R. D. E. 402.

Collura has not alleged any specific instance when he was, or will be, precluded

from disclosing his complaint as a result of the rules.  As noted by the Disciplinary Board

defendants in their brief, Collura publicized his complaint by filing this lawsuit and no

action has been taken against him.  Collura alleges in his complaint that he "is seriously

interested in disobeying these laws in the future" and has an "unmistakable intention to

engage in such speech in the future," Am. Compl. at 20, but these allegations are

insufficient to satisfy the requirements of an injury in fact.  See American Civil Liberties

Union v. Alvarez, 679 F.3d 583, 590-91 (7th Cir. 2012) (noting standing for a pre-

6

enforcement challenge to a criminal statute requires that a plaintiff show an intent to engage in the proscribed conduct).

Even if Collura had concrete plans to further disclose his complaint, he has not shown that there is a threat that the confidentiality provisions will be enforced against him. See Virginia v. American Booksellers Ass'n, 484 U.S. 383, 392-93 (1988) (holding plaintiffs had standing to challenge a statute where they had alleged an actual and well-founded fear that the law would be enforced against them). To the extent a complainant's disclosure of his complaint violates the Rules of Disciplinary Enforcement, the rules do not provide for any sanction.[4] Collura also does not allege that the Disciplinary Board defendants have threatened him with any consequence if he discloses his complaint. Under the circumstances presented here, we find no error in the District Court's conclusion that Collura's subjective fear that some action would be taken against him is insufficient to establish an injury in fact. Absent an injury in fact, the District Court also did not err in rejecting Collura's argument that he may challenge the statute because it abridges the First Amendment rights of others. Secretary of State v. Munson, 467 U.S. 947, 956-98 (1984).

---

[4]As noted by the District Court, when Collura filed his disciplinary complaint, the rules provided that persons who communicated with the Board regarding attorney misconduct or gave testimony in a proceeding were immune from civil suit, unless Rule 402 (mandating confidentiality when the proceedings were not open to the public) was violated. See Pa. R. D. E. 209(a) (2010). In 2011, before Collura filed his present action, the rules were amended and the exception to immunity was eliminated. Pa. R. D. E. 209(a) (effective July 14, 2011).

7

Because we conclude that Collura lacks standing to raise his claims against the Disciplinary Board defendants, we need not address the District Court's conclusion that the Disciplinary Board is immune from suit under the Eleventh Amendment. Finally, based on our review of the record and Collura's filings in this Court, we conclude that it would be futile to allow Collura to amend his complaint. <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 108 (3d Cir. 2002).

Accordingly, we will affirm the judgment of the District Court.[5]

---

[5]The Disciplinary Board defendants' motion for summary affirmance pursuant to 3d Cir. L.A.R. 27.4 is denied.