20-90095-am
In re Attorney Grievance Complaint Filed by Peeples

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of February, two thousand twenty-one.

PRESENT:
>        José A. Cabranes,
>        Robert D. Sack,
>                *Circuit Judges.**

---

| | |
|---|---|
| **In re Attorney Grievance Complaint Filed by Joe W. Peeples III.** | 20-90095-am<br><br>ORDER OF GRIEVANCE PANEL |

---

Joe W. Peeples III has filed in this Court an attorney grievance complaint against an Assistant United States Attorney for the Western District of New York ("Attorney A"), alleging that she had engaged in misconduct relating to both a criminal proceeding against Peeples, docketed under *United*

---

* Judge Richard C. Wesley, the third member of this Court's Grievance Panel, has recused himself from this case. The two remaining members of the Panel, who are in agreement, have decided this case in accordance with Second Circuit Internal Operating Procedure E(b). *See also* 28 U.S.C. § 46(d).

*States v. Peeples*, 17-cr-6032 (W.D.N.Y.), and the appeal from his judgment of conviction, docketed in this Court under *United States v. Peeples*, 18-2309 (2d Cir.).

## I.  *United States v. Peeples*, 18-2309 (2d Cir.)

In March 2018, Peeples was convicted in the United States District Court for the Western District of New York of bank robbery, entering a bank with the intent to commit larceny, and bank larceny.  *United States v. Peeples*, 17-cr-6032 (W.D.N.Y.), doc. 88 (jury verdict sheet), doc. 91 (3/30/2018 entry noting verdict); doc. 125 (3/30/2018 transcript).  Sentencing was held in late July 2018 and the judgment of conviction was entered in August 2018.  *Id.*, doc. 106 (judgment).

On appeal, Peeples argued, inter alia, that the district court had erred in not dismissing the charges against him because: (i) he had been transferred from the district of arrest to the district where the crimes had taken place without first appearing before a magistrate judge, in alleged violation of Federal Rule of Criminal Procedure 5(c)(2); and (ii) the assigned magistrate judge had failed to sign the affidavit attached to the criminal complaint, in alleged violation of Federal Rule of Criminal Procedure 3, although the magistrate judge had signed the face of the complaint.  *See United States v. Peeples*, 18-2309 (2d Cir.), doc. 133 (opinion, describing claims and procedural history).  In June 2020, this Court affirmed the judgment of conviction, holding, in relevant part, "that, in the circumstances presented, dismissal of criminal charges is not the appropriate remedy for a violation of Rule 5(c) and the magistrate judge's failure to sign the affidavit attached to the criminal complaint did not render the complaint invalid."  *Id.* at 2.  Attorney A represented the Government in that appeal.

## II.  Prior Attorney Grievance Complaints

In July 2018 (after his conviction but before his sentencing), Peeples filed in this Court an attorney grievance complaint against the United States Attorney for the Western District of New York ("Attorney B") and other, unnamed, attorneys in the United States Attorney's Office, alleging that

2

they had engaged in misconduct relating to the criminal proceedings. *See In re Attorney Grievance Complaint filed by Peeples*, 18-90066 (2d Cir.), complaint dated 6/29/2018. Specifically, Peeples alleged that the attorneys prosecuting his case, inter alia: ignored illegal conduct by certain FBI agents, including "the plain forging of [his] warrant and criminal complaint"; improperly responded to certain of Peeples's motions; illegally worked with the Marshal's Service to detain him in a facility far from his place of trial; illegally coached certain witnesses; failed to investigate prior robberies involving those witnesses; vindictively and maliciously prosecuted him and conspired with the federal defenders' office; caused him to be arrested twice without a warrant or a judge's probable cause determination, in violation of Rules 5 and 5.1; permitted the use of a fraudulent warrant lacking, inter alia, a judge's or clerk's signature; and permitted the use of a criminal complaint affidavit and an indictment that lacked necessary signatures. *Id.* at 1-7 (pdf pag.).

In response to the attorney grievance complaint, counsel to this panel sent Peeples a letter informing him that this Court would take no further action on the complaint because it concerned conduct in, or relating to, proceedings in other courts (i.e., the district courts for the Northern and Western Districts of New York) and was therefore not properly before this Court. Peeples also was informed that, if he wished to challenge counsel's decision, he could request further review by this panel, and that any such request should explain why the complaint is properly before this Court. *See id.*, letter dated 11/6/2018. Peeples did not request further review.

Shortly thereafter, Peeples filed in this Court a second attorney grievance complaint, this time focusing on an Assistant United States Attorney for the Western District of New York ("Attorney C"), but also suggesting that other, unnamed, attorneys in the same United States Attorney's Office had engaged in misconduct relating to the criminal proceedings. *See In re Attorney Grievance Complaint filed by Peeples*, 19-90001 (2d Cir.), complaint. Peeples alleged: that a warrant, affidavit, complaint, and

3

indictment in his criminal case had not been properly signed, attested, and/or sealed; that a magistrate judge had perjured himself when he stated that his signature appears on the warrant and complaint; and that "the U.S. Atty" (apparently referring to Attorney C, but possibly also Attorney B) was aware of both those errors and the magistrate judge's perjury. *Id.* at 2-5. In a supplement to his second complaint, Peeples reiterated his misconduct allegations but also explicitly named Attorney B as one of the attorneys who was alleged to have engaged in the misconduct. *Id.*, letter-supplement at 1-2.

In response to the new complaint, counsel to this panel sent Peeples another letter, informing him: that the Court would take no further action on the complaint because it concerned conduct in, or relating to, conduct before other courts; that he could request further review by this panel; and that any such request should explain why the complaint is properly before this Court. *See id.*, letter dated 1/7/2019. Peeples requested further review by this panel, arguing, inter alia, that this Court was the appropriate venue for the complaint because Attorney C was representing the Government in a mandamus proceeding commenced by Peeples in this Court.[1] *Id.*, request for review by Grievance Panel at 1, 3-5 (pdf pag.). Although not mentioned by Peeples in that grievance proceeding, Attorney C also was representing the Government in his direct appeal. *See United States v. Peeples*, 18-2309 (2d Cir.). We denied Peeples's request for an investigation, stating the following:

> Upon due consideration, it is hereby ORDERED that Peeples's request for an investigation by this Court is DENIED, because the allegations in his complaint primarily concern conduct in, or relating to, proceedings in other forums, while this Court's grievance complaint process generally is limited to the conduct of attorneys before this Court. *See, e.g.*, *In re Aranda*, 789 F.3d 48, 52 (2d Cir. 2015) ("[A]ttorney misconduct in a district court is subject to the disciplinary authority of the judges of

---

[1] Peeples's mandamus petition presented many of the same allegations of misconduct as his three attorney grievance complaints described in the text of this order. *See In re Peeples*, 18-1369 (2d Cir.), doc. 1 (mandamus petition), docs. 10, 18 (supplemental papers). This Court denied the mandamus petition because Peeples had not demonstrated that he lacked an adequate, alternative means of obtaining relief, such as presenting his arguments to the district court and then appealing any adverse decision. *Id.*, doc. 26 (8/8/2018 order).

4

that court. This Court does not police the behavior of attorneys in the district courts."); *In re Attorney Disciplinary Appeal*, 650 F.3d 202, 205 (2d Cir. 2011) (denying request to investigate or discipline two attorneys "because the alleged misconduct relate[d] primarily or exclusively to district court proceedings"). The fact that the Assistant United States Attorney [i.e., Attorney C] represented, or currently represents, the Government in related cases in this Court is irrelevant because none of the alleged misconduct was in this Court.

Moreover, since the alleged misconduct is relevant to issues raised in Peeples's appeal from his judgment of conviction, it would be improper for this Court to consider that conduct in the context of a disciplinary proceeding. This panel's proceedings might conflict with, or unnecessarily duplicate, the factfinding and legal conclusions of the judges who are most familiar with the relevant events—the judges who presided over Peeples's criminal case and the judges who will preside over his criminal appeal.

*In re Attorney Grievance Complaint filed by Peeples*, 19-90001 (2d Cir.), 7/3/2019 order at 2.

### III.  The Present Attorney Grievance Complaint

In his present complaint, Peeples primarily focuses on the arguments made by Attorney A in her brief on behalf of the Government in Peeples's direct criminal appeal. He argues that Attorney A's arguments concerning the alleged Rule 5 violation and the alleged magistrate judge signature error were made in bad faith, that the brief contained various factual and legal misrepresentations, and that Attorney A's arguments ignored the perjury of other Government officials and are part of a cover-up to shield those other officials. *In re Attorney Grievance Complaint filed by Peeples*, 20-90095 (2d Cir.), complaint at 2-7; *see also Peeples*, 18-2309 (2d Cir.), doc 91 (Gov't brief).

### IV.  Disposition

We deny Peeples's request for an investigation of Attorney A primarily for the reasons stated in our prior order denying his similar request as to Attorney C. First, the alleged conduct primarily occurred in, or related to, district court proceedings and this Court's grievance complaint process generally is limited to the conduct of attorneys before this Court. Second, the allegations are so intertwined with the issues pursued by Peeples in both his district court criminal case and his direct

5

appeal in this Court that, under the circumstances of his case, it would be inappropriate for this panel to separately analyze the intertwined issues.

We acknowledge that some of the conduct now at issue occurred in a case in this Court—specifically, Attorney A's drafting of the Government's appellate brief—and that an attorney's bad faith briefing in this Court can be an appropriate subject of a grievance investigation by this Court. But Peeples presents no evidence of bad faith in Attorney A's preparation of that brief, and this Court will not initiate an attorney grievance investigation of district court conduct simply because that conduct is recounted and/or defended in an appellate brief.

Finally, we advise Peeples to stop filing in this Court attorney grievance complaints that primarily concern conduct in, or relating to, district court proceedings or that raise issues that have been resolved in prior grievance proceedings. Peeples's filing of multiple attorney grievance complaints concerning the same meritless allegations has wasted valuable judicial resources and, because of the time and effort required to process his complaints, has delayed the processing of other litigants' cases. Even if Peeples sincerely believes that the issues raised in his complaints warrant the attention of this Court, repetitious filings are inappropriate and conclusory assertions of bad faith will not be tolerated. We therefore warn Peeples that the future filing of duplicative, vexatious, or clearly meritless attorney grievance complaints could result in sanctions, including monetary sanctions and/or a sanction that would require Peeples to obtain permission from a judge of this Court prior to filing any further complaints in this Court (a "leave-to-file" sanction). *See In re Martin-Trigona*, 9 F.3d 226, 228-29 (2d Cir. 1993); *Sassower v. Sansverie*, 885 F.2d 9, 11 (2d Cir. 1989); *see also SBC 2010-1, LLC v. Morton*, 552 F. App'x 9, 12 (2d Cir. 2013) (summary order; affirming district court's imposition of both monetary and leave-to-file sanctions).

6

The Clerk of Court is directed to serve a copy of this order on Peeples and the United States

District Courts for the Northern and Western Districts of New York.[2]

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[2] Counsel to this panel is authorized to provide to other courts and attorney disciplinary authorities, upon their request, all documents from the record of this proceeding. While we request that those documents (aside from this order) remain confidential to the extent circumstances allow, we of course leave to the discretion of those courts and disciplinary authorities the decision of whether specific documents, or portions of documents, should be made available to any person or the public.